

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | § § § § MDL Docket No. 1203 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | § § § |
| SHEILA BROWN, SHARON GADDIE, VIVIAN NAUGLE, QUINTIN LAYER, and JOBY JACKSON-REID, Individually and all others similarly situated, Plaintiffs, v. AMERICAN HOME PRODUCTS CORPORATION, Derfendant, | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 99-20593 |



FILED

APR 2 6 2000

MICHAEL E. KUNZ, Clerk
E_____ ? (____ Dep. Clerk

## ORIGINAL ANSWER OF CERTAIN NORTH TEXAS COUNSEL TO THE COUNTERCLAIM OF THE PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

Intervenors and Counterdefendants Kip A. Petroff, Robert Kisselburgh, Petroff & Kisselburgh, Michael McGartland, McDonald, Clay, Crow & McGartland, C. L. Mike Schmidt, and The Schmidt Firm (hereinafter referred to collectively as "North Texas Counsel") file this their

**ORIGINAL ANSWER OF CERTAIN NORTH TEXAS
COUNSEL TO THE COUNTERCLAIM OF THE
PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL– Page 1**



original answer to the Counterclaim filed in this matter by Counterplaintiffs Plaintiffs' Management Committee, Roger Brosnahan, Elizabeth J. Cabraser, Stanley Chesley, John J. Cummings, III, Michael Hausfeld, Williams S. Kemp, Arnold Levin, Dianne Nast, John M. Restaino, Darryl J. Tschirn, and J. Michael Papantonio (referred to collectively as "PMC Counsel"). As answer, North Texas Counsel would show the Court the following:

I.

## ANSWER TO ALLEGATIONS OF COUNTERCLAIM

1. PMC Counsel's Counterclaim comprises paragraphs 22-26 of PMC Counsel's Original Answer to North Texas Counsel's Petition in Intervention. It is therefore not necessary for North Texas Counsel to address paragraphs 1-21 of that Answer.

2. North Texas Counsel admit in response to paragraph 22 of the Counterclaim that this Counterclaim is being brought by the Plaintiffs' Management Committee appointed by Judge Bechtle to administer the plaintiffs' legal efforts in MDL 1203, and by the individual counsel who comprise that Plaintiffs' Management Committee. North Texas Counsel admit in response to paragraph 22 of the Counterclaim that the Plaintiffs' Management Committee has its offices at 325 Chesnut Street, Suite 200, Philadelphia, PA 19106. North Texas Counsel admit in response to paragraph 22 upon information and belief the allegations made by individual PMC Counsel as to their states of citizenship and their individual residences. North Texas Counsel admit in response to Paragraph 22 of the Counterclaim that at least some of the individual PMC Counsel are currently members of the Plaintiffs' Management Committee, but North Texas Counsel are without sufficient information after reasonable inquiry to determine the exact current membership of the Plaintiffs'

**ORIGINAL ANSWER OF CERTAIN NORTH TEXAS
COUNSEL TO THE COUNTERCLAIM OF THE
PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL– Page 2**

Management Committee and whether the allegations made by the individual PMC Counsel as to their current membership in the Plaintiffs' Management Committee can be admitted or denied.

3. North Texas Counsel admit the allegations contained in paragraph 23 of the Counterclaim.

4. North Texas Counsel admit in response to paragraph 24 of the Counterclaim that they have affirmatively asserted and agreed to the conferral of jurisdiction upon themselves in their individual capacities as to the matter of common benefit fund attorneys' fees. North Texas Counsel further admit in response to paragraph 24 of the Counterclaim that the "res" of their Petition in Intervention (i.e., any common benefit fund attorneys' fees under the pending class action settlement) is located in Philadelphia, Pennsylvania. North Texas Counsel deny the remainder of the allegations in paragraph 24 of the Counterclaim and further specifically deny that their action in intervening in this cause in their individual capacities constitutes a consent to jurisdiction in this Court on behalf of their clients. At no time have North Texas Counsel filed any pleading in this Court on behalf of any diet drug plaintiff.

5. North Texas Counsel admit on information and belief in response to paragraph 25 of the Counterclaim that this Court has entered Pretrial Order Nos. 467 and 517, and further admit on information and belief that Pretrial Order Nos. 467, ¶2 is accurately quoted in paragraph 25 of the Counterclaim. North Texas Counsel deny the remainder of the allegations contained in paragraph 25 of the Counterclaim and specifically deny that they or their clients are subject to a set-aside for counsel fees and costs pursuant to these Pretrial Orders. North Texas Counsel specifically deny that either they or their clients are "plaintiff[s] whose action has been subject to coordinated pretrial proceedings in MDL 1203" who would be subject to such a set-aside pursuant to Pretrial Order No.

**ORIGINAL ANSWER OF CERTAIN NORTH TEXAS
COUNSEL TO THE COUNTERCLAIM OF THE
PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL– Page 3**

467. North Texas Counsel would instead show the Court that neither North Texas Counsel nor their clients have participated in any way in the coordinated pretrial proceedings in MDL 1203, have used any discovery products or depositions from such coordinated pretrial proceedings, or have in any way benefitted from any such coordinated pretrial proceedings in their clients' separate actions in other courts.

6. North Texas Counsel admit in response to paragraph 26 of the Counterclaim that they are making a claim in their individual capacities for attorneys fees under the common benefit fund of the proposed class action settlement. North Texas Counsel deny the remainder of the allegations contained in paragraph 26 of the Counterclaim, and specifically deny that they have "submitted themselves and their actions to be subject to coordinated pretrial proceedings in this MDL." North Texas Counsel have not filed any type of pleading on behalf of their clients in this matter, and neither they nor their clients have consented to coordinated pretrial proceedings in this matter. Further, North Texas Counsel would show the Court that neither North Texas Counsel nor their clients have participated in any way in the coordinated pretrial proceedings in MDL 1203, have used any discovery products or depositions from such coordinated pretrial proceedings, or have in any way benefitted from any such coordinated pretrial proceedings.

7. North Texas Counsel deny all claims for relief and allegations contained in the prayer of the Counterclaim.

8. Except to the extent expressly admitted herein, North Texas Counsel deny all allegations contained in Defendant's Counterclaim.

II.

**ORIGINAL ANSWER OF CERTAIN NORTH TEXAS
COUNSEL TO THE COUNTERCLAIM OF THE
PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL– Page 4**

## AFFIRMATIVE DEFENSES

1. North Texas Counsel would show that PMC Counsel are, in part, suing North Texas Counsel in the wrong capacity. North Texas Counsel filed this Petition in Intervention only in their individual capacities and not on behalf of any clients represented by North Texas Counsel. PMC Counsel's allegation that North Texas Counsel's action in intervening in this matter was taken in a representative capacity on behalf of their clients is erroneous, and North Texas Counsel would specifically allege that they are appearing through the Petition in Intervention in their individual capacities and not as the representative or on behalf of any of their clients. PMC Counsel therefore cannot assess a set-aside against the recovery of North Texas Counsel's clients by suing North Texas Counsel individually.

2. North Texas Counsel would show that to the extent that PMC Counsel seek a recovery against the clients of North Texas Counsel, that is a defect of parties, since the clients who will be affected by PMC Counsel's counterclaim are not parties to the Counterclaim.

3. North Texas Counsel would show that to the extent that PMC Counsel seek a recovery against the clients of North Texas Counsel, there is a want of personal jurisdiction over such clients whose cases are pending in other courts and who are not parties to this Counterclaim.

4. North Texas Counsel would show that to the extent that PMC Counsel seek a recovery against the clients of North Texas Counsel, there is a want of subject matter jurisdiction over the claims of such clients whose cases are pending in other courts.

5. North Texas Counsel would show that North Texas Counsel are not plaintiffs to whom claim payments are being made in their individual capacities by Defendant, and that they and their

**ORIGINAL ANSWER OF CERTAIN NORTH TEXAS
COUNSEL TO THE COUNTERCLAIM OF THE
PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL– Page 5**

clients have not been subject to coordinated pre-trial proceedings in MDL 1203. Accordingly, North Texas Counsel would show the Court that they are not subject to any previous set-aside orders entered by this Court.

6. North Texas Counsel would show that any recovery on this Counterclaim would be subject to offset by any recovery made by North Texas Counsel on the claim for common benefit attorneys fees as stated in their Petition in Intervention. In this regard, North Texas Counsel incorporate by reference the allegations contained in their Petition in Intervention.

WHEREFORE, PREMISES CONSIDERED, North Texas Counsel pray that PMC Counsel take nothing on their Counterclaim.

Respectfully submitted,

**PETROFF & KISSELBURGH**
3838 Oak Lawn Avenue, Suite 1124
Dallas, TX 75219
Telephone: 214 526-5300
Telecopier: 214 526-5354

**McDONALD, CLAY, CROW
& McGARTLAND**
500 Throckmorton, Suite 1408
Fort Worth, TX 76102
Telephone: 817 877-1755
Telecopier: 817 877-1758

**THE SCHMIDT FIRM**
3102 Oak Lawn Avenue, Suite 730
Dallas, TX ;75219
Telephone: 214 521-4898
Telecopier: 214 521-9995

By _____
C. L. Mike Schmidt
State Bar No. 17766000

### Certificate of Service

I hereby certify that a copy of the above and foregoing instrument has been forwarded to Plaintiffs' Management Committee and American Home Products Corp. on this 24th day of April, 2000, via certified mail, return receipt requested:

Arnold Levin
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Michael D. Fishbein
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Stanley Chesley
WAITE, SCHNEIDER, BAYLESS & CHESLEY
1513 Central Trust Tower
Fourth & Vine Streets
Cincinnati, OH 45202

John J. Cummings
CUMMINGS, CUMMINGS & DUDENHEFER
416 Gravier Street
New Orleans, LA 70130

Gene Locks
GREITZER & LOCKS

**FILED**

APR 26 2000

MICHAEL E. KUNZ, Clerk
C/\_\_\_\_\_7 ( \_\_\_Dep. Clerk

**ORIGINAL ANSWER OF CERTAIN NORTH TEXAS
COUNSEL TO THE COUNTERCLAIM OF THE
PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL– Page 7**

1500 Walnut Street, 20th Floor
Philadelphia, PA 19102

Sol H. Weiss
ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.
1900 Delancey Place
Philadelphia, PA 19103

Christopher F. Placitella
WILENTZ, GOLDMAN & SPITZER
90 Woodbridge Center Drive, Suite 900, Box 10
Woodbridge, NJ 07095-0958

American Home Products Corporation
c/o Peter Grossi, Esquire
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 200004-1202

Barbara Wrubell
SKADDEN ARPS SLATE MEACHER & FLOM
919 Third Avenue
New York, NY 10022

Robert Spinelli
KELLEY JASONS McGUIRE & SPINELLI
1617 J. F. Kennedy Boulevard, Suite 1400
Philadelphia, PA 19103

Gerald J. Valentini
1800 J. F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103

John Fitzpatrick
LeCLAIR & RYAN
707 East Main Street, 11th Floor
Richmond, VA 23219

Peter L. Resnick
McDERMOTT WILL & EMERY
28 State Street

**ORIGINAL ANSWER OF CERTAIN NORTH TEXAS
COUNSEL TO THE COUNTERCLAIM OF THE
PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL– Page 8**

Boston, MA 02109-1775

Edward S. Weltman
SCHNECK WELTMAN & HASHMALL
1285 Avenue of the Americas
New York, NY 10019

Edward W. Madeira, Jr.
PEPPER HAMILTON & SCHEETZ
18th & Arch Streets, Suite 3000
Philadelphia, PA 19103-2799

Michael T. Scott
REED SMITH SHAW & McCLAY
1650 Market Street, Suite 2500
Philadelphia, PA 19103

Peter L. Zimroth
ARNOLD & PORTER
399 Park Avenue
New York, NY 10022

Gregory Miller
MILLER ALFANO & RASPANTI
1818 Market Street, Suite 3402
Philadelphia, PA 19102

Roger Brosnahan
Elizabeth J. Cabraser
Michael D. Hausfeld
William S. Kemp
Dianne Nast
Michael Papantonio
John M. Restaino, Jr.
Darryl J. Tschirn
c/o Ms. Deborah A. Hyland
Plaintiffs' Management Committee
325 Chestnut Street, Suite 200
Philadelphia, PA 19106

By _____
C. L. Mike Schmidt

**ORIGINAL ANSWER OF CERTAIN NORTH TEXAS
COUNSEL TO THE COUNTERCLAIM OF THE
PLAINTIFFS' MANAGEMENT COMMITTEE COUNSEL– Page 9**