# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION** | MDL No. 1203 |
| **SHEILA BROWN, ET AL. v. AMERICAN HOME PRODUCTS CORPORATION** | CIVIL ACTION NO. 99-20593 |

## PRETRIAL ORDER NO.____

AND NOW, this ____ day of May, 2005, it is hereby ORDERED that *Class Counsel's Motion to Impose a Bond on Appellants Angela Duffy and Debra Rhea*, is DENIED.

Date:_____

_____
Harvey Bartle, III, Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION** | MDL No. 1203 |
| **SHEILA BROWN, ET AL. v. AMERICAN HOME PRODUCTS CORPORATION** | CIVIL ACTION NO. 99-20593 |

## OBJECTORS' MEMORANDUM IN OPPOSITION TO CLASS COUNSEL'S MOTION TO IMPOSE A BOND ON APPELLANTS ANGELA DUFFY AND DEBRA RHEA

### Introduction

Objectors Angela Duffy and Debra Rhea, by and through undersigned counsel, hereby respond to and oppose Class Counsel's Motion for the assessment of an appeal bond, comprised of costs and damages from "delay or disruption of settlement administration caused by a frivolous appeal," on the grounds that, under the law of this Circuit (and others as well), such a bond may not be imposed.  This is particularly so under the facts of this case.  Class Counsel is improperly attempting to have a bond imposed as an impermissible punitive device to interfere with and curtail the appellate rights of Objectors.

1

# I. APPEAL BONDS MAY NOT BE USED TO ANTICIPATE SANCTIONS ON APPEAL

Class counsel devote the first and lengthiest portion of their Memorandum in support of their motion seeking an appeal bond to an extended defense of their class action settlement.  In addition, a central feature of their effort here is an improper, irrelevant, <u>ad</u> <u>hominem</u>, and vituperative attack on the objectors in this case and on objectors in general.[1]  Class Counsel have continued this unrelenting course of intemperate and unseemly attacks on Objectors in their memorandum in support of the motion to assess the bond.

Class Counsel are attempting to use the device of this bond motion to curtail

---

[1] These attacks have been so repeatedly made by Class Counsel in this case, so repeatedly rebuffed, and countered with facts actually relevant to a material issue in the case (adequacy of class counsel), that Class Counsel's brazen refusal to stop can only be viewed as contumacious, and itself sanctionable. *See*, *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1308, 1323 (11th Cir. 2002) **("[w]e conclude that an attorney who submits documents to the district court that contain *ad hominem* attacks directed at opposing counsel is subject to sanction under the court's inherent power to oversee attorneys practicing before it"; and noting that such attacks occurring on "repeated occasions. . . further buttressed our conclusion.")**  See also, *In re First City Bancorporation of Texas, Inc.*, 282 F.3d 864 (5th Cir. 200); *In re Cordova-Gonzalez*, 996 F.2d 1334 (1st Cir. 1993).  Furthermore, if Plaintiffs Counsel's interpretation were to prevail, this would presumably be the only area of American law in which citizens, i.e., absent class members filing objections, are not permitted to be represented by experienced counsel.  This would also cut against the grain of all established rules of professional ethics.

objectors' appellate rights, and as a form of punitive attack on these objectors for having the temerity to challenge the seriously flawed and repeatedly amended class action settlement. Class Counsel have devoted a significant amount of their argument to this trial court irrelevantly attacking the merits of Objectors' appeal. However, it is well established that whether an appeal is "frivolous" is solely within the purview of the appellate court, not the district court. *Cooter & Gell v. Hartmarx*, 496 U.S. 384, 407; *In re American President Lines, Inc.,* 779 F.2d 714, 717 (D.C. Cir. 1985). The appellate court is generally better qualified to determine whether an appeal lacks merit. *Conner v. Travis County*, 209 F.3d 794, 801 (5th Cir. 2000). Only the appellate court has the authority to impose sanctions for a frivolous appeal. *See, e.g., In re Vasseli*, 5 F.3d 353 (9th Cir. 1993); *Cheng v. GAF Corp.*, 713 F.2d 886, 891-92 (2d Cir. 1983); *In re Emergency Beacon Corp.,* 790 F.2d 285, 288 (2d Cir. 1986).

As this Court already held in a prior opinion in this very case, "Rule 7 was not intended to be used as a means of discouraging appeals, even if perceived to be frivolous. See *In re American President Lines, Inc*., 250 U.S. App. D.C. 324, 779 F.2d 714, 717 (1985) . . . even if these appeals are frivolous and solely an attempt to leverage an inventory settlement, Class Counsel has adequate remedies available to it in the court of appeals." *In re: Diet Drugs*, No. 1203, 2000 U.S. Dist. LEXIS 16085, at *18-19 (E.D. Penn. 2000).

## II. THE APPEALS BOND SOUGHT MAY NOT BE IMPOSED BECAUSE THE LANGUAGE OF THE RELEVANT STATUTES CLEARLY DISTINGUISHES COSTS FROM "DAMAGES RESULTING FROM DELAY OR DISRUPTION OF SETTLEMENT ADMINISTRATION CAUSED BY A FRIVOLOUS APPEAL"

Class Counsel have requested, <u>inter</u> <u>alia</u>, that the two Objectors and their counsel post an appeal bond of at least $25,000, purportedly pursuant to Fed. R. App. P. 7.  Class Counsel have cited to district court decisions from outside the Third Circuit, which are contrary to the law of this Court and Circuit, claiming that an appeals bond may include damages resulting from "delay or disruption of settlement administration caused by a frivolous appeal." *Class Counsel's Motion to Impose a Bond on Appellants Angela Duffy and Debra Rhea* at 5.

In their headlong rush to deprive Objectors of their right to appeal through the imposition of unreasonably and impermissibly heavy financial burdens, Class Counsel have demonstrated a flagrant disregard for the holdings of the Court of Appeals for the Third Circuit, as well as for those of numerous other circuits considering this issue and ruling in accord with this Circuit.  Class Counsel present no relevant controlling authority to support their position that the type of potential damages they speculate on and emote about are available as a component of an appeal bond.

Indeed, the clearly established law in the Third Circuit, and among numerous other courts, is that Rule 7 costs on appeal may include only those costs listed in Rule

4

39(e).  Rule 39 does not list "damages resulting from the delay and/or disruption of settlement administration" as a recoverable cost.  Class Counsel purport to rely in their motion on the reasoning of the opinions of the District Court for the Southern District of New York in *In re: NASDAQ Market-Makers*, 187 F.R.D. 124 (S.D.N.Y. 1999), and of the District of Maine in *In Re Compact Disc Minimum Advertised Price Antitrust Litig.*, 2003 WL 22417252 at *1 (D. Me. Oct. 7, 2003).

Although Plaintiffs' counsel actually cite a prior opinion from this Court in this case, drawing on general remarks regarding bonds therein, counsel misleadingly and utterly fail to mention that this Court **refused to impose a cost bond including damages resulting from the delay incident to appeal.**  *See In re: Diet Drugs*, No. 1203, 2000 U.S. Dist. LEXIS 16085 (E.D. Penn. 2000) (copy attached hereto).  That opinion involved a group of Objectors who filed an appeal challenging various aspects of an earlier version of the class action Settlement Agreement.  Class Counsel asserted that the appeals were "meritless and solely an attempt to leverage settlements in separate cases or obtain unauthorized fees." *Id.* at *4.  Class Counsel also claimed that "the appeals would cause the class to suffer significant and possibly irreparable harm resulting from a delay in the provision of . . . benefits to class members." *Id.* Objectors countered that Class Counsel were seeking to impose a bond requirement in order to squelch the Objectors' appeals. ***The Court held that such could not be exacted from***

5

*the objector/appellants.*[2]  *See id.*  "'[C]osts' under Rule 7 are limited to the costs enumerated under *Federal Rules of Appellate Procedure 7* and *39* and *28 U.S.C. § 1920.*" Id. Class Counsel's failure to disclose this holding in its brief is simply inexplicable under the good faith requirements generally imposed on officers of the court. See *Hirschensohn v. Lawyers Title Ins. Corp.*, 1997 U.S. App. LEXIS 13793 (3rd Cir. 1997); and *McDonald v. McCarthy*, 966 F.2d 112, 115 (3d Cir. 1992);  *In re American President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985).

Additionally, although Class Counsel correctly state that expenses for clerk and court fees, photocopy charges, and court reporter transcription fees are the types of costs contemplated under the rule, they have made no attempt to quantify those costs, instead choosing to simply speculate that "there is every reason to think" that  costs associated with this appeal would be "at least as great" as those in a prior appeal.[3] Such refusal to reduce the anticipated cost to any reasonable sum certain amounts to a complete failure by Class Counsel to meet their burden, on a motion for a bond for

---

[2]This Court emphasized the "subtle but important difference between cost bonds and supersedeas bonds," with damages caused by delay only being appropriate under the latter.  Id. at *15.

[3]It should be noted that in the prior appeal, cited by Class Counsel, ordering a $25,000 bond, this Court found that the size of the bond would not work a financial hardship on the objectors because the eight objectors involved in the appeal were jointly and severally liable for the entire amount of the bond.  Id. at *20.  Here, there would be only two objectors to shoulder the cost of any bond.

costs, to specify permissible anticipated costs.

## CONCLUSION

For all of the reasons set forth hereinabove, it is respectfully submitted that this

Court must deny *Class Counsel's Motion to Impose a Bond on Appellants Angela*

*Duffy and Debra Rhea*.

Respectfully submitted,

/S/ Robert W. Bishop
Robert W. Bishop**,** Esq.
KY Bar No. 05272
Bishop & Associates, P.S.C.
6520 Glenridge Park Place
Suite 6
Louisville, Kentucky 40222
phone  (502) 425-2600
fax (502) 425-9115

## CERTIFICATE OF SERVICE

The Undersigned  hereby certifies that on May 6, 2005, a true and correct copy
of the foregoing, *Objectors' Memorandum in Opposition to Class Counsel's Motion
to Impose a Bond on Appellants Angela Duffy and Debra Rhea*, was electronically
filed with the Clerk of the Court for the United States District Court for the Eastern
District of Pennsylvania using the CM/ECF system.  This document is available for
viewing and downloading from the ECF system.

7

/S/ Robert W. Bishop
Counsel for Objectors

The Undersigned hereby certifies that a true and correct copy of the foregoing, *Objectors' Memorandum in Opposition to Class Counsel's Motion to Impose a Bond on Appellants Angela Duffy and Debra Rhea*, with attached tendered Pretrial Order No. _____, was mailed by First Class U.S. Mail, postage prepaid, on this the 6th day of May, 2005, to the following:

ARLIN M. ADAMS
SCHNADER HARRISON SEGAL & LEWIS, LLP
1600 MARKET ST.
STE. 3600
PHILADELPHIA, PA 19103

JERRY ALEXANDER
ALEXANDER & ASSOCIATES PC
619 NORTH 90th STREET
OMAHA, NE 68114

RANDY G. ALLEN
THE LAW OFFICES OF RANDY G. ALLEN
2550 TENDERFOOT HILL STREET
SUITE 101
COLORADO SPRINGS, CO 80906

A. JUDE AVELINO
AVELINO & ASSOCIATES, P.C.
225 BROADWAY
SUITE 1900
NEW YORK, NY 10007

BRUCE J. BABIJ
DUGAN BABIJ TOLLEY & SPECTOR LLC
1966 GREENSPRING DRIVE
SUITE 500
TIMONIUM, MD 21093

N. ALBERT BACHARACH , JR

115 NORTHEAST 6TH AVENUE
GAINESVILLE, FL 32601

BENJAMIN E. BAKER , JR
HOGAN SMITH & ALSPAUGH
2323 2ND AVENUE NORTH
BIRMINGHAM, AL 35203

R. STEVEN BAKER
THE SOUTHERN LAW GROUP
3432 OLD COLUMBIANA ROAD
BIRMINGHAM, AL 35226-3321

BRIAN K. BALSER
LAW OFFICES OF BRIAN K. BALSER
5311 MEADOW LANE COURT
SUITE ONE
ELYRIA, OH 44035

DANIEL E. BECNEL , JR
LAW OFFICES OF DANIEL E. BECNEL, JR.
106 WEST SEVENTH STREET
POST OFFICE DRAWER H
RESERVE, LA 70084

KENNETH W. BEHREND
BEHREND & ERNSBERGER, P.C.
UNION BANK BUILDING
306 FOURTH AVE. STE.300
PITTSBURGH, PA 15222

8

CHARLES J. BENNARDINI
KATZMAN WASSERMAN BENNARDINO
7900 GLADES ROAD
SUITE 140
BOCA CORPORAT PLAZA
BOCA RATON, FL 33434

MARC JAY BERN
NAPOLI, KAISER, BERN & ASSOC, LLP
115 BROADWAY
12TH FLOOR
NEW YORK, NY 10006

M. ROBERT BLANCHARD
LEVIN, PAPANTONIO, THOMAS, ET AL.
316 S. BAYLEN ST.
STE. 600
PENSACOLA, FL 32501

EDWARD M. BLANDO
ELDERKIN LAW FIRM
115 FIRST AVENUE SE
P.O. BOX 1968
CEDAR RAPIDS, IA 52406-1968

EDWARD BLIZZARD
BLIZZARD MCCARTHY AND NABERS L.L.P.
440 LOUISIANA
SUITE 1701
HOUSTON, TX 77002

JEFFREY M. BLUM
7106 MEADOW RIDGE DRIVE
LOUISVILLE, KY 40218

HOWARD W. BOWEN
P.O. BOX 24473
JACKSON, MS 39225-4473

ROBERT B. BOWLING
BOWLING, JOHNSON & COSTANZO
P.O. BOX 859
MIDDLESBORO, KY 40965

GERALD TALMADGE BRADDOCK

109 NORTH STATE STREET
POST OFFICE BOX 23609
JACKSON, MS 39225-3609

ORRAN L. BROWN
BOWMAN & BROOKE LLP
RIVERFRONT PLZ, WEST TOWER
901 E. BYRD ST.
SUITE 1500
RICHMOND, VA 23219

MARK W. BROWNING
SHUMAN MCCUSKEY & SLICKER PLLC
1411 VIRGINIA ST. EAST
SUITE 200
CHARLESTON, WV 25301

RUSSELL W. BUDD
BARON & BUDD, P.C.
3102 OAK LAWN AVENUE
STE. 1100
DALLAS, TX 75219-4281

WILLIAM B. CARTER
BOURDEAUX AND JONES
POST OFFICE BOX 2009
MERIDIAN, MS 39302-2009

GRANT E. CHEADLE
CHEADLE & ASSOCIATES, INC.
7318 S. YALE
STE. A
TULSA, OK 74136-7000

KENNETH CHESEBRO
P.O. BOX 13142
AUSTIN, TX 78711

STANLEY M. CHESLEY
WAITE, SCHNEIDER, BAYLESS AND CHESLEY
CO., L.P.A.
FOURTH & VINE STREETS
CENTRAL TRUST TOWER, SUITE 1513
CINCINNATI, OH 45202

9

BRIAN A. CLARK
PAGE KRUGER & HOLLAND, P.A.
775 WOODLANDS PARKWAY
SUITE 100
RIDGELAND, MS 39157

L. KENT CLAY
CLAY & CROW LLP
12222 MERIT DRIVE
SUITE 1710
DALLAS, TX 75251

SEAN M. CLEARY
ROBLES & GONZALEZ, P.A.
100 SOUTH BISCAYNE BOULEVARD
ONE BAYFRONT PLAZA, SUITE 900
MIAMI, FL 33131

GEORGE W. COCHRAN
9170 STATE ROUTE 43
STREETSBORO, OH 44241

DERRICK COLLINS
2015 1ST AVENUE NORTH
BIRMINGHAM, AL 35203

STEVEN J. COOPERSTEIN
BROOKMAN, ROSENBERG, BROWN & SANDLER
ONE PENN SQUARE WEST
17TH FL.
PHILA., PA 19102

EDWARD A. CORCORAN
BRENNAN, STEIL, BASTING & MAC DOUGALL
P.O. BOX 990
22 E. MIFFLIN STREET
SUITE 400
MADISON, WI 53701-0990

GARY D. CORLEY
STAGNER & CORLEY
315 S. CROCKETT STREET
P.O. BOX 1058
SERMAN, TX 75091-1058

MERRIDA P. COXWELL , JR
COXWELL & ASSOCIATES, PLLC
500 N. STATE ST
POST OFFICE BOX 1337
JACKSON, MS 39201

JOHN HAROLD CRANDALL, SR
#529202
MOBERLY CORRECTIONAL CENTER
P.O. BOX 7, 2-B-420
MOBERLY, MO 65270-0007

TODD M. CRANSHAW
CRANSHAW & LUNSFORD
770 W. GRANADA BLVD.
ORMOND BEACH, FL 32174

CRAIG M. CROCKETT
MCKNIGHT DEHARTAND CROCKETT, L.L.P.
1320 SOUTH UNIVERSITY, SUITE 804
FORT WORTH, TX 76107

THOMAS C. CRONIN
CUMMINS & CRONIN, LLC
77 WEST WACKER DRIVE
SUITE 4800
CHICAGO, IL 60601

BILLY KENNETH CRUEY
B.K. CUREY, PC
P.O. BOX 498
SHAWSVILLE, VA 24162

MARK R. CUKER
WILLIAMS & CUKER
1617 JFK BLVD
STE 800
PHILADELPHIA, PA 19103

SHIRLEY A. CUNNINGHAM
3101 N. RICHMOND ROAD
SUITE 304
LEXINGTON, KY 40509-1526

MARIO D'ANGELO
HARITON & D'ANGELO, LLP
3500 SUNRISE HGWY
STE T-207
GREAT RIVER, NY 11739

PAUL DANZIGER
DANZIGER & DE LLANO, P.C.
440 LOUISIANA
SUITE 1212
HOUSTON, TX 77027

SYLVIA DAVIDOW
FLEMING & ASSOCIATES LLP
1330 POST OAK BLVD.
STE. 3030
HOUSTON, TX 77056

MARK W. DAVIS
DAVIS & FEDER
P.O. DRAWER 6829
GULFPORT, MS 39506-7018

J. CORT DEHART
MCKNIGHT DEHART AND CROCKETT, L.L.P.
1320 SOUTH UNIVERSITY
SUITE 804
FORT WORTH, TX 76107

CRAIG V. DEPEW
CLARK DEPEW & TRACEY, LTD., LLP
440 LOUISIANA
SUITE 1600
HOUSTON, TX 77002

LEE H. DES BORDES , JR
HUNTER AND BOLAND
619 NORTH STREET
BATON ROUGE, LA 70802

MICHELE A. DIMARTINO
MILLER & ASSOCIATES
555 E. CITY LINE AVE.
STE. 910
BALA CYNWYD, PA 19004

TAMARA S. DIXON
1226 LASALLE STREET
BELOIT, WI 53511

GLENN A. DORFMAN
225 E. CARRILLO STREET
SUITE 303
SANTA BARBARA, CA 93101

JAMES LOUIS DOYLE , II
FLEMING & ASSOCIATES LLP
1330 POST OAK BOULEVARD
SUITE 3030
HOUSTON, TX 77056

MATTHEW W. DRIGGS
DRIGGS BILLS & DAY
331 S. 600 E
SALT LAKE CITY, UT 84102

A. CRAIG EILAND
2423 MARKET
GALVESTON, TX 77550

DAVID L. EISBROUCH
BALKIN AND EISBROUCH LLC
50 MAIN STREET
SUITE SIX
HACKENSACK, NJ 07601

JAMES ESPARZA
1434 EAST 4500 SOUTH
SUITE #100 4500 PARK PLAZA
SALT LAKE CITY, UT 84117

GEANEY EVANS
C/O PAUL H. EVANS
P.O. BOX 166
NIXON, TX 78140

KIM E. EVERS
LEVIN AND MIDDLEBROOKS LAW FIRM
316 S. BAYLEEN STREET
P.O. BOX 12308
PENSACOLA, FL 32581

JOHN A. FEDERICO
LAMKIN, VAN EMAN, TRIMBLE, BEALS
AND DOUGHERTY
500 SOUTH FRONT STREET
SUITE 200
COLUMBUS, OH 43215-5671

JESSE F. FERRER
FERRER, POIROT & WANSBROUGH
2603 OAK LAWN AVE.
STE. 300
DALLAS, TX 75219

MARK D. FISCHER
RAWLINGS & ASSOC.
325 W. MAIN ST.
1700 ONE WATERFRONT PLAZA, P.O. BOX 740027
LOUISVILLE, KY 40201-7427

GEORGE M. FLEMING
FLEMING & ASSOC LLP
1330 POST OAK BLVD
STE 3030
HOUSTON, TX 77056

WILLIAM J. GALLION
WILLIAM GALLION & ASSOCIATES PLLC
163 E. MAIN ST.
STE 401
LEXINGTON, KY 40507

GERALDINE R. GALYON
108 LEEANNA LANE
LEBANON, TN 37090

MICHAEL GEIGERMAN
2109 WROCKLAGE AVENUE
LOUISVILLE, KY 40205

JEAN M. GEOPPINGER
WAITE, SCHNEIDER, BAYLESS & CHESLEY
CO.
ONE WEST FOURTH STREET
1513 FOURTH & VINE TOWER
CINCINNATI, OH 45202

JOSEPH W. GIBLEY
GIBLEY & MCWILLIAMS PC
524 N. PROVIDENCE ROAD
P.O. BOX 1107
MEDIA, PA 19063

STUART LEE GOLDENBERG
GOLDENBERG & JOHNSON
33 S. 6TH ST
STE 4540
MINNEAPOLIS, MN 55402

ERVIN A. GONZALEZ
ROBLES & GONZALEZ, P.A.
100 SOUTH BISCAYNE BLVD.
ONE BAYFRONT PLAZA, STE. 900
MIAMI, FL 33131-2026

BEN W. GORDON , JR
811 W. GARDEN STREET
PENSACOLA, FL 32501

DONALD R. GRADY
SHEFF LAW OFFICES
10 TREMONT STREET
7TH FLOOR
BOSTON, MA 02108

WILLIAM R. GRAY
PURVIS GRAY & MURPHY LLP
1050 WALNUT ST
SUITE 501
BOULDER, CO 80302

BENJAMIN R. GRAYBILL
GRAYBILL OSTREM CROTTY & STUBBS P.C.
#18 SIXTH STREET NORTH SUITE 200
GREAT FALLS, MT 59401

R. STEPHEN GRIFFIS
R. STEPHEN GRIFFIS PC
2142 HIGHLAND AVE SOUTH
BIRMINGHAM, AL 35205

PETER T. GROSSI
ARNOLD AND PORTER
555 TWELFTH STREET, N.W.
THURMAN ARNOLD BUILDING
WASHINGTON, DC 20004-1202

RICHARD F.X. GUAY
MEYER SUOZZI ENGLISH & KLEIN
1350 BROADWAY
STE 10018
NEW YORK, NY 10018

ALVIN E. GURGANUS , III
SHOTT GURGANUS & WILLIAMSON
621 COMMERCE ST.
BLUEFIELD, WV 24702

GERARD E. HARPER
PAUL WEISS RIFKIND WHARTON & GARRISON
1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064

JAMES R. HASENYAGER
1004 - 24TH ST.
OGDEN, UT 84401
VIRGINIA D. HATCH
P.O. BOX 190068
LITTLE ROCK, AR 72219-0068

MICHAEL B. HAYES
MONTGOMERY MCCRACKEN WALKER &
RHOADS, LLP
123 S. BROAD ST.
PHILADELPHIA, PA 19109-1030

STANLEY D. HELINSKI
HUGO & POLLACK LLP
440 COMMERCIAL ST
BOSTON, MA 02109

R. DENISE HENNING
HENNING AND BOUGH PC
1044 MAIN
SUITE 500
KANSAS CITY, MO 64105

MICHAEL L. HODGES
13420 SANTA FE TRAIL DRIVE
LENEXA, KS 66215

JOHN W. HORNBECK
LAW OFFICES OF JOHN W. HORNBECK
POST OFFICE BOX 76
SISTER, OR 97759

JOE C. HOUK
HOUK & CHURCH
111 W. BROADWAY
POB 456
FAIRVIEW, OK 73737

CHARLES J. HUNT, JR
P.O. BOX 97
CAMBRIA, CA 93428

GEORGE A. HUNT
WILLIAMS & HUNT
P.O. BOX 45678
257 EAST 200 SOUTH, STE. 500
STE. 500
SALT LAKE CITY, UT 84145-5678

KEARNEY D. HUTSLER
THOMPSON HUTSLER LAW FIRM
2142 HIGHLAND AVENUE
BIRMINGHAM, AL 35205

BRAD R. IRWIN
IRWIN & BOESEN, P.C.
501 S.CHERRY ST
STE.500
DENVER, CO 80246

GEORGE MICHAEL JAMAIL
THE REAUD LAW FIRM
P.O. BOX 26005
BEAUMONT, TX 77720-6005

JAMES W. JEANS
2619 W. 6TH ST., STE. D
LAWRENCE, KS 66049

KEITH M. JENSEN
LAW OFFICE OF KEITH M. JENSEN
514 E. BELKNAP
FORT WORTH, TX 76102

CHARLES HARLEY JOHNSON
JOHNSON & ASSOC
2599 MISSISSIPPI ST.
NEW BRIGHTON, MN 55112

IAN JOHNSON
3341 MOUNT DIABLO BOULEVARD
LAFAYETTE, CA 94549

JAMES L. JOHNSON
THE JOHNSON LAW FIRM
6500 GREENVILLE AVENUE
SUITE 345, LB 30
DALLAS, TX 75206

JENNIFER JOHNSON
LOPEZ,HODES,RESTAINO,MILMAN
450 NEWPORT CENTER DRIVE
SECOND FLOOR
NEWPORT BEACH, CA 92660

EDWARD T. JOYCE
EDWARD T. JOYCE & ASSOCIATES
11 SOUTH LA SALLE
SUITE 1600
CHICAGO, IL 60603-1211

PATRICIA J. KASPUTYS
LAW OFFICES OF PETER G. ANGELOS
100 N. CHARLES ST.
STE-22ND, ONE CHARLES CTR
BALTIMORE, MD 21201

ROBERT N. KATZ
HEWITT KATZ & DUMICH
945 EAST PACES FERRY ROAD
RESURGENS PLAZA, SUITE 2610
ATLANTA, GA 30326

R. ERIC KENNEDY
WEISMAN,   GOLDBERG,   WEISMAN   &

KAUFMAN CO., L.P.A.
101 PROSPECT AVENUE, WEST
1600 MIDLAND BLDG.
CLEVELAND, OH 44115

ROBERT M. KISSELBURGH
PETROFF & KISSELBURGH
3838 OAK LAWN AVENUE
SUITE 1124
DALLAS, TX 75219

KIRK GAVIN LADNER
JOHN ARTHUR EAVES LAW OFFICE
101 NORTH STATE STREET
JACKSON, MS 39201

MICHAEL J. LAFFEY
TUCKER ARENSBERG, P.C.
1500 ONE PPG PLACE
PITTSBURGH, PA 15222

RICHARD N. LAMINACK
O'QUINN LAMINACK & PIRTLE
440 LOUISIANA ST
STE 2300 LYRIC CTR BLDG
HOUSTON, TX 77002-4205

MICHELLE LEGAULT
KELLOGG & SIGELMAN
POBX 941668
ATLANTA, GA 31141-0668

SETH R. LESSER
BERNSTEIN, LITOWITZ, BERGER, ETAL
1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019

RICHARD S. LEWIS
COHEN, MILSTEIN, HAUSFELD AND TOLL
1100 NEW YORK AVE., N.W.
SUITE 500, WEST TOWER
WASHINGTON, DC 20005

14

ROBERT P. LOBUE
PATTERSON BELKNAP WEBB & TYLER
1133 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-6710

STEVEN P. LOCKMAN
ARNOLD & PORTER
555 12TH STREETN, NW
WASHINGTON, DC 20004-1202

GENE LOCKS
LOCKS LAW FIRM
1500 WALNUT STREET
20th FLOOR
PHILADELPHIA, PA 19102-3580

BRIAN U. LONCAR
LONCAR & ASSOCIATES
10440 N. CENTRAL EXPWY
SUITE 1000
DALLAS, TX 75231

SCOTT A. LOVE
FLEMING & ASSOC LLP
1330 POST OAK BLVD
STE 3030
HOUSTON, TX 77056

JOSEPH H. MALLEY
1045 N. ZANG BOULVARD
DALLAS, TX 75208
NEAL S. MANNE
SUSMAN GODFREY LLP
1000 LOUISIANA STREET
SUITE 5100
HOUSTON, TX 77002-5096

TONY MARTINEZ
MARTINEZ, BARRERA & MARTINEZ, LLP.
1201 E. VAN BUREN
BROWNSVILLE, TX 78520

MARVIN W. MASTERS
MASTERS & TAYLOR, L.C.
181 SUMMERS STREET
CHARLESTON, WV 25301

HEATHER A. MCDOUGALD
MYLER LAW OFFICES
1278 S. 800 E.
P.O. BOX 970039
OREM, UT 84097

MICHAEL P. MCGARTLAND
MCGARTLAND & BORCHERDT
1300 SOUTH UNIVERSITY
SUITE 500
FORT WORTH, TX 76107

TONYA L. MELNICHENKO
FRANKLIN D. AZAR & ASSOC P.C.
14426 EAST EVANS AVENUE
AURORA, CO 80014

RON MICHAEL MENEO
EARLY LUDWICK & SWEENEY LLC
265 CHURCH ST
STE 1101
NEW HAVEN, CT 06510

MELBOURNE MILLS , JR
MILLS LAW OFFICE
163 EAST MAIN STREET
SUITE 305
LEXINGTON, KY 40507

MICHAEL H. MOIRANO
NISEN & ELLIOTT
200 W. ADAMS ST., SUITE 2500
CHICAGO, IL 60606

JOHN MORRISON
MELOY & MORRISON
80 SOUTH WARREN, THE BLUESTONE
P.O. BOX 1241
HELENA, MT 59624

ANTHONY J. NEMO
MESHBESHER & SPENCE, LTD.
2603 WHITE BEAR AVE.
MAPLEWOOD, MN 55109

JAMES W. NOBLES , JR
POST OFFICE BOX 1733
125 SOUTH CONGRESS STREET
SUITE 1310
JACKSON, MS 39215-1733

MICHAEL L. O'BRIEN
MICHAEL L. O'BRIEN PC
1330 POST OAK BOULEVARD
SUITE 2960
HOUSTON, TX 77056

ROY OLSON
LUCID LEGAL TECHNIQUES, LTD.
3 FIRST NATIONAL PLAZA, 21ST FL.
CHICAGO, IL 60602

ELIZABETH R. OVERTON
WILLIAM GALLION & ASSOC PLLC
163 E. MAIN ST
STE 401
LEXINGTON, KY 40507

SUSAN BARTELL PALAY
2458 UNICORNIO STREET
CARLSBAD, CA 92009

DANIEL S. PARISER
ARNOLD & PORTER LLP
555 12TH ST NW
WASHINGTON, DC 20004

CHARLES PARKER
HILL PARKER & ROBERSON LLP
5300 MEMORIAL
STE. 700
HOUSTON, TX 77007-8292

KIP ALLAN PETROFF
LAW OFFICE OF KIP PETROFF
3838 OAK LAWN AVE.
STE. 1124
DALLAS, TX 75219

THOMAS WAYNE PIRTLE
O'QUINN LAMINACK & PIRTLE

LYRIC CTR BLDG
440 LOUISIANA ST
STE 2300
HOUSTON, TX 77002-4205

CHRISTOPHER PLACITELLA
WILENTZ, GOLDMAN & SPITZER
90 WOODBRIDGE CENTER DRIVE
SUITE 900, BOX 10
WOODBRIDGE, NJ 07095-0958

DIANE E. PRICE
FLEMING AND ASSOCIATES, L.L.P.
1330 POST OAK BOULEVARD
SUITE 3030
HOUSTON, TX 77056

JAMES M. PRIEST , JR
EAVES LAW FIRM
105 NORTH STATE STREET
JACKSON, MS 39201

J. ROBERT RAMSAY
BRYANT, CLARK, DUKES BLAKESLEE RAMSAY
& HAMMOND
P.O. BOX 16567
HATTIESBURG, MS 39404-6567

STEPHANIE RESNICK
FOX ROTHSCHILD O'BRIEN & FRANKEL LLP
2000 MARKET STREET
10TH FLOOR
PHILADELPHIA, PA 19103

DAVID B. RHEINGOLD
113 E. 37TH STREET
NEW YORK, NY 10016

PAUL D. RHEINGOLD
113 EAST 37TH STREET
NEW YORK, NY 10016

GWEN E. RICHARD
MILUTIN & RICHARD
RIVER OAKS TOWER
3730 KIRBY DRIVE
SUITE 850
HOUSTON, TX 77098

WILLIAM P. RONAN
10740 NALL AVE
STE 160
OVERLAND PARK, KS 66211-1206

G. ERICK ROSEMOND
WILLIAMS BAILEY LAW FIRM LLP
8441 GULF FREEWAY
STE 600
HOUSTON, TX 77017

ROBERT D. ROSENBAUM
ARNOLD & PORTER
THURMAN ARNOLD BLDG
555 12TH ST., NW
WASHINGTON, DC 20004-1202

HENRY C. ROSENTHAL , JR
ALEXANDER AND ASSOCIATES
619 NORTH 90TH STREET
OMAHA, NE 68114

PAUL ROTHSTEIN
626 N.E. 1ST STREET
GAINESVILLE, FL 32601

PHILIP H. RUSH
RUSH & SEIKEN, P.C.
1845 WALNUT STREET
STE. 1600
PHILA, PA 19103-4717

MARC C. SAPERSTEIN
DAVIS SAPERSTEIN & SALOMON P.C.
375 CEDAR LANE
TEANECK, NJ 07666

L. KENDALL SATTERFIELD
FINKELSTEIN, THOMPSON & LOUGHRAN

1050 30th STREET, N.W.
WASHINGTON, DC 20007

EDWARD H. SCHIEFFLER
SCHIEFFLER LAW FIRM
PO BOX 2309
426 PLAZA ST
WEST HELENA, AR 72390

C. L. SCHMIDT
THE SCHMIDT FIRM
3102 OAK LAWN AVENUE
SUITE 730
DALLAS, TX 75219

C.L. MIKE SCHMIDT
THE SCHMIDT FIRM
8401 N. CENTRAL EXPWY
STE 880, LB 28
DALLAS, TX 75225

LAWRENCE W. SCHONBRUN
LAWRENCE W. SCHONBRUN, ATTY AT LAW
86 EUCALYPTUS ROAD
BERKELEY, CA 97405

MATTHEW J. SCHUMACHER
1012 GRAIN EXCHANGE BLDG.
400 S. 4TH STREET
MINNEAPOLIS, MN 55415

JOHN R. SHELTON
PARKER & O'CONNELL, PLLC
455 S. FOURTH AVE.
STE. 930 - THE STARKS BLDG.
LOUISVILLE, KY 40202

EULIS SIMIEN , JR
SIMIEN AND SIMIEN L.L.C.
8923 BLUEBONNET BOULEVARD
SUITE 200
BATON ROUGE, LA 70810

JOY R. SIMON
NAPOLI KAISER BERN & ASSOCIATES, LLP
3500 SUNRISE HWY
SUITE T207
GREAT RIVER, NY 11739

JEFFREY D. SLAKTER
SLAKTER LAW FIRM LLP
7502 GREENVILLE AVENUE
SUITE 500
DALLAS, TX 75231

BRIAN S. SMITH
THOMAS N. THURLOW & ASSOC
400 LOUISIANA
STE 1200
HOUSTON, TX 77002

FRANK E. STEPNOWSKI
COGHLAN KUKANKOS COOK LLC
55 W. WACKER DRIVE
SUITE 1210
CHICAGO, IL 60601

ERIC ALAN STONE
PAUL WEISS RIFKIND WHARTON & GARRISON
85 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064

DAVID G. SUMMERS
SUMMERS & JOHNSON PC
717 THOMAS STREET
WESTON, MO 64098

MARK W. TANNER
FELDMAN SHEPHERD WOHLELERNTER & TANNER
1845 WALNUT ST., 25TH FL
PHILA, PA 19103

CHARLES M. THOMPSON
THOMPSON HUTSLER LAW FIRM
2142 HIGHLAND AVENUE
BIRMINGHAM, AL 35205

JEFFREY M. TILLOTSON
LYNN   STODGHILL   MELSHEIMER   &

TILLOTSON, L.L.P.
750 N. ST. PAUL
SUITE 1400
DALLAS, TX 75201

FRANK TOMLINSON
PRITCHARD, MC CALL & JONES
505 NORTH 20TH STREET
SUITE 800
BIRMINGHAM, AL 35203-2605

RAYMOND W. VALORI
COLSON HICKS EIDSON
255 ARAGON AVENUE
SECOND FLOOR
CORAL GABLES, FL 33134

DIRK VANDEVER
323 W. 8th STREET
SUITE 200
KANSAS CITY, MO 64105

RICHARD S. WAYNE
STRAUSS & TROY
150 E. 4TH
THE FEDERAL RESERVE BLDG.
CINICNNATI, OH 45202-4018

CHARLES E. WEBSTER
MARVIN A. BRUSTIN, LTD.
100 WEST MONROE STREET
SUITE 500
CHICAGO, IL 60603

KIMBERLY R. WEST
WALLACE, JORDAN, RATLIFF & BRANDT
POST OFFICE BOX 530910
BIRMINGHAM, AL 35253

JAMES G. WILCOXEN
WILCOXEN & WILCOXEN
POBX 357
MUSKOGEE, OK 74402-0357

WILLIAM J. WINNING
COZEN AND O'CONNOR
1900 MARKET STREET
THE ATRIUM, 4TH FLOOR
PHILADELPHIA, PA 19103-3527

BARBARA WRUBEL
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036-6522

THOMAS F. YOST , JR
341 N. CALVERT ST
STE 100
BALTIMORE, MD 21202

PETER ZIMROTH
399 PARK AVENUE
NEW YORK, NY 10022

JOHN FITZPATRICK
LECLAIR & RYAN
707 EAST MAIN ST.
11TH FLOOR
RICHMOND, VA 23219

NINA M. GUSSACK
PEPPER HAMILTON LLP
3000 TWO LOGAN SQ
18TH & ARCH STS
PHILADELPHIA, PA 19103-2799

GERALD COOPER KELL
U.S. DEPARTMENT OF JUSTICE
1331 PENNSYLVANIA AVENUE, N.W.
CIVIL DIVISION
WASHINGTON, DC 20004

EDWARD W. MADEIRA, JR
PEPPER, HAMILTON & SCHEETZ
3000 TWO LOGAN SQUARE
18TH AND ARCH STREETS
PHILADELPHIA, PA 19103-2799

GREGORY P. MILLER
MILLER ALFANO & RASPANTI PC
1818 MARKET ST
STE 3402
PHILADELPHIA, PA 19103

PLAINTIFFS MANAGEMENT COMMITTEE
DEBORAH A. HYLAND
325 CHESTNUT ST., 2ND FLOOR
PHILADELPHIA, PA 19106

/S/ Robert W. Bishop
Counsel for Objectors

LEXSEE 2000 USDISTLEXIS 16085

**IN RE: DIET DRUGS (PHENTERMINE, FENFLURAMINE, DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION THIS DOCUMENT RELATES to: SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION**

**MDL DOCKET NO. 1203, CIVIL ACTION NO. 99-20593**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*2000 U.S. Dist. LEXIS 16085*

**November 6, 2000, Decided**
**November 6, 2000, Filed**

**DISPOSITION:** [*1] Class Counsel's motions GRANTED in part DENIED in part. Motions denied with respect to request that bond of $ 5,000,000.00 be imposed on each set of objectors. Motions granted in that Objectors shall be jointly and severally responsible for posting $ 25,000.00 bond to ensure payment of costs incurred by class on appeal should the class prevail.

**LexisNexis(R) Headnotes**

**COUNSEL:** For VIVIAN NAUGLE, QUINTIN LAYER, PLAINTIFFS: SOL H. WEISS, ANAPOL, SCHWARTZ, WEISS & SCHWARTZ, P.C., MARK W. TANNER, FELDMAN, SHEPHERD, WOHLGELERNTER, ARNOLD LEVIN, MICHAEL D. FISHBEIN, LEVIN, FISHBEIN, SEDRAN & BERMAN, GENE LOCKS, GREITZER & LOCKS, PHILADELPHIA, PA USA.

For VIVIAN NAUGLE, QUINTIN LAYER, PLAINTIFFS: R. ERIC KENNEDY, WEISMAN, GOLDBERG, WEISMAN & KAUFMAN CO., L.P.A., CLEVELAND, OH USA.

For VIVIAN NAUGLE, QUINTIN LAYER, PLAINTIFFS: JOHN J. CUMMINGS, III, CUMMINGS, CUMMINGS AND DUDENHEFER, NEW ORLEANS, LA USA.

For VIVIAN NAUGLE, QUINTIN LAYER, PLAINTIFFS: STANLEY M. CHESLEY, WAITE, SCHNEIDER, BAYLESS AND CHESLEY CO., L.P.A., CINCINNATI, OH USA.

For VIVIAN NAUGLE, QUINTIN LAYER, PLAINTIFFS: RICHARD S. LEWIS, COHEN, MILSTEIN, HAUSFELD AND TOLL, WASHINGTON, DC USA.

For VIVIAN NAUGLE, QUINTIN LAYER, PLAINTIFFS: DIANNE M. NAST, RODA AND NAST, P.C., LANCASTER, PA USA.

For VIVIAN NAUGLE, QUINTIN LAYER, PLAINTIFFS: RICHARD S. WAYNE, STRAUSS & TROY, CINICNNATI, OH USA.

For VIVIAN NAUGLE, QUINTIN LAYER, PLAINTIFFS: CHRISTOPHER PLACITELLA, WILENTZ, GOLDMAN & SPITZER, WOODBRIDGE, NJ USA.

For JOAN S. LAYER, PLAINTIFF: SOL H. WEISS, ANAPOL, SCHWARTZ, WEISS & SCHWARTZ, P.C., PHILA, PA USA.

For BRENDA CHAMBERS, DONNA JARRELL, ISABEL CONNOR, APPELLANTS: ARNOLD LEVIN, LEVIN, FISHBEIN, SEDRAN & BERMAN, PHILADELPHIA, PA USA.

For CHARLENE ALLSPAUGH, DORIS ATANMO, EVELYN AMEND, JOAN BAKANOWSKY, STEVEN BERKOWITZ, KATHY BURROW, LINDA BUSBY, JO BUTTERFIELD, LINDA CASTON, HELEN COLEMAN, LEONARD CORBIN, MARY LEE CUNNINGHAM, TEDDY ORAN EPLINA, ERMA FIELDS, JAMES JOHN FILIPEK, LOIS GAMBINO, SUSAN HAGY, REGINA HILLERY, MARY

2000 U.S. Dist. LEXIS 16085, *

MAYTUM, DIANE MCNULTY, MARGARET O'MARA, DONA REID, APPELLANTS: PAUL J. NAPOLI, NAPOLI, KAISER & ASSOC., NEW YORK, NY USA.

For BLUE CROSS AND BLUE SHIELD OF ALABAMA, BLUE SHIELD OF CALIFORNIA, BLUE CROSS AND BLUE SHIELD OF LOUISIANA, BLUE CROSS AND BLUE SHIELD OF MICHIGAN, BLUE CROSS AND BLUE SHIELD OF MINNESOTA, BLUE CROSS AND BLUE SHIELD OF NEW JERSEY, APPELLANTS: RICHARD L. BERKMAN, DECHERT, PRICE & RHOADS, PHILA, PA USA.

For SUSAN ELLIOTT, MARIA MAIRA, JEFFREY DORIS, DONNA SCHWARTZ, ROSE . PEARSON, MAUREEN PIERSAK, KALIHKA MILLER, BARBARA DINERSTEIN, LEILA HADLEY LUCE, BETH KANNER, DANIEL VIDER, IRENE WATKINS, MARY WOLCOTT, APPELLANTS: RONALD R. BENJAMIN, BINGHAMTON, NY USA.

For ROBERT M BECNEL, CHRIS J. BELL, LYNN SWANSON, DIANE K. ZINK, THE LAW OFFICE OF DANIEL E. BECNEL, JR., APPELLANTS: DANIEL E. BECNEL, JR., BECNEL, LANDRY AND BECNEL, RESERVE, LA USA.

For ELDON JAMES, APPELLANT: HENRY C. ROSENTHAL, JR., ALEXANDER AND ASSOCIATES, OMAHA, NE USA.

For CIGNA HEALTHCARE OF PENNSYLVANIA, INC., INTERVENOR-PLAINTIFF: JAMES L. JOHNSON, THE JOHNSON LAW FIRM, DALLAS, TX USA.

For HEALTH PLAN, INTERVENOR-PLAINTIFF: NEAL S. MANNE, HOUSTON, TX USA.

For AMERICAN HOME PRODUCTS CORPORATION, DEFENDANT: MICHAEL T. SCOTT, REED, SMITH, SHAW & MC CLAY, PAUL KERRIGAN, REED SMITH SHAW & MCCLAY, ANDREW A. CHIRLS, WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP, PHILADELPHIA, PA USA.

For AMERICAN HOME PRODUCTS CORPORATION, DEFENDANT: STEVEN P. LOCKMAN, DANIEL S. PARISER, ARNOLD & PORTER, WASHINGTON, DC USA.

For AMERICAN HOME PRODUCTS CORPORATION, DEFENDANT: PETER ZIMROTH, NEW YORK, NY USA.

For JANE SCUTERI, RESPONDENT: PAUL J. NAPOLI, NAPOLI, KAISER & ASSOC., NEW YORK, NY USA.

For JANE SCUTERI, RESPONDENT: KENNETH CHESEBRO, CAMBRIDGE, MA USA.

For RHEINGOLD, VALET, RESPONDENT: DAVID B. RHEINGOLD, NEW YORK, NY USA.

RANDY G. ALLEN, RESPONDENT, Pro se, COLORADO SPRINGS, CO USA.

For SHEFF LAW OFFICES, P.C., RESPONDENT: DONALD R. GRADY, SHEFF LAW OFFICES, BOSTON, MA USA.

For GONZALEZ PLAINTIFFS, RESPONDENT: ERVIN A. GONZALEZ, ROBLES & GONZALEZ, P.A., MIAMI, FL USA.

For GONZALEZ PLAINTIFFS, RESPONDENT: KEITH M. JENSEN, LAW OFFICE OF KEITH M. JENSEN, P.C., FORT WORTH, TX USA.

For BLUE CROSS AND BULE SHIELD UNITED OF WISCONSIN, MOVANT: RICHARD L. BERKMAN, DECHERT, PRICE & RHOADS, PHILA, PA USA.

For BLUE CROSS AND BLUE SHIELD UNITED OF WISCONSIN, MOVANT: MICHAEL J. LAFFEY, TUCKER ARENSBERG, P.C., PITTSBURGH, PA USA.

For BLUE CROSS AND BLUE SHIELD UNITED OF WISCONSIN, MOVANT: KIMBERLY R. WEST, WALLACE, JORDAN, RATLIFF & BRANDT, BIRMINGHAM, AL USA.

For HMO LOUISIANA, MOVANT: MARK D. FISCHER, RAWLINGS & ASSOC., LOUISVILLE, KY USA.

For CAROL BLOOM, TAMMY STATEN, NORMA JEAN NORSE, JERRIE RAWLS TOYES, MOVANTS: TRACY D. REZVANI, L. KENDALL SATTERFIELD, FINKELSTEIN, THOMPSON & LOUGHRAN, WASHINGTON, DC USA.

For FLEMING OBJECTORS, MOVANT: JAMES L. DOYLE, II, RAND P. NOLEN, FLEMING, HOVENKAMP AND GRAYSON, P.C., RUSSELL T. ABNEY, FLEMING & ASSOCIATES, GEORGE M. FLEMING, HOUSTON, TX USA.

For NORTH TEXAS ATTORNEYS, MOVANT: C. L. SCHMIDT, THE SCHMIDT FIRM, KIP A. PETROFF, DALLAS, TX USA.

2000 U.S. Dist. LEXIS 16085, *

For NORTH TEXAS ATTORNEYS, MOVANT: MICHAEL P. MC GARTLAND, MC DONALD, CLAY, CROW & MC GARTLAND, FORTH WORTH, TX USA.

For NORTH TEXAS ATTORNEYS, MOVANT: ROBERT M. KISSELBURGH, PETROFF & KISSELBURGH, DALLAS, TX USA.

For TERRI JACKSON, GLENDA O'NEAL, MOVANTS: R. STEPHEN GRIFFIS, R. STEPHEN GRIFFIS P.C., BIRMINGHAM, AL USA.

For JOSEPH PETITO, TERRY STUBBS, MOVANTS: SEAN M. CLEARY, ROBLES & GONZALEZ, P.A., MIAMI, FL USA.

For ILLINOIS CLASS, MOVANT: EDWARD T. JOYCE, EDWARD T. JOYCE & ASSOCIATES, CHICAGO, IL USA.

For MICHAELE PRIDEMORE, SALIE TRAVIS, ANN WESTFALL, VIRGINIA KIESER, PATTY LEMONS, STACEY YATES, MOVANTS: DEBORA A. O'NEILL, MAGER & WHITE, P.C., PHILADELPHIA, PA USA.

For MICHAELE PRIDEMORE, MOVANT: CAROL A. MAGER, MAGER & WHITE, P.C., PHILA, PA USA.

For MICHAELE PRIDEMORE, MOVANT: THOMAS C. CRONIN, CUMMINS & CRONIN, LLC, CHICAGO, IL USA.

For FRANK DEJULIUS, DEBORAH PHILLIPS, MOVANTS: STEVEN KAPUSTIN, FLAMM, BOROFF AND BACINE, BLUE BELL, PA USA.

For FRANK DEJULIUS, ANGELA S. DUFFY, MOVANTS: EDWARD W. COCHRAN, SHAKER HEIGHTS, OH USA.

For RONALD WEINTRAUB, MOVANT: N. ALBERT BACHARACH, JR., GAINESVILLE, FL USA.

For DEBORAH PHILLIPS, MOVANT: PAUL ROTHSTEIN, GAINESVILLE, FL USA.

For JOHN P. WILLIS, III, MOVANT: BENJAMIN E. BAKER, JR., HOGAN SMITH & ALSPAUGH, BIRMINGHAM, AL USA.

For KAREN M. SALTER, MOVANT: R. STEVEN BAKER, THE SOUTHERN LAW GROUP, BIRMINGHAM, AL USA.

For ANGELA S. DUFFY, MOVANT: ROBERT W.

BISHOP, BISHOP AND WILSON, LOUISVILLE, KY USA.

For DANIEL E. BECNEL, JR., MOVANT: DANIEL E. BECNEL, JR., BECNEL, LANDRY AND BECNEL, RESERVE, LA USA.

For PHYLLIS M. RODRIGUEZ, FRANCES RAMMAGE, SHERRI D. WIENEKE, PAM BUTLER, LYNN REED, CARL WOLF, TED DOAK, SHERRIE BRICHETTO, MOVANTS: GEORGE W. COCHRAN, STREETSBORO, OH USA.

For LES LABORATOIRES SERVIER, MOVANT: ROBERT P. LOBUE, PATTERSON BELKNAP WEBB & TYLER, NEW YORK, NY USA.

For ROBERT CLAYCOMB, MOVANT: ROBERT B. BOWLING, BOWLING, JOHNSON & COSTANZO, MIDDLESBORO, KY USA.

For INTERNEURON PHARMACEUTICALS, INC, MOVANT: BARBARA WRUBEL, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, NEW YORK, NY USA.

For AGENES SPOONHUNTER LOGAN, MOVANT: JOSEPH H. SAUNDERS, FERNANDEZ & SAUNDERS, PINELLAS PARK, FL USA.

For TRAVIS T. VANCE, JR., BOWMAR MCGEHEE, SIDRA BURNS, GLYNDA CRAFT SPARKS, DEE ANN ROME, GIDGET CHAMBERS, CLAIMANTS: JAMES W. NOBLES, JR., JACKSON, MS USA.

For VICKI DUNN, OBJECTOR: ROBERT E. J. CURRAN, CURRAN & BYRNE, P.C., MEDIA, PA USA.

For VICKI DUNN, OBJECTOR: EDWARD BLIZZARD, BLIZZARD & MC CARTHY, HOUSTON, TX USA.

For KIM HEATON, KIM HEATON, OBJECTOR: GEORGE W. COCHRAN, STREETSBORO, OH USA.

For BETTY JO BENSON, OBJECTOR: CHARLES M. THOMPSON, KEARNEY D. HUTSLER, THOMPSON HUTSLER LAW FIRM, BIRMINGHAM, AL USA.

For YVONNE BUENTIEMPO, OBJECTOR: PATRICK J. MULLIGAN, LAW OFFICES OF PATRICK J. MULLIGAN, DALLAS, TX USA.

For INTERNEURON PHARMACEUTICALS, INC, OBJECTOR: BARBARA WRUBEL, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, NEW

2000 U.S. Dist. LEXIS 16085, *

YORK, NY USA.

For DISTRIBUTOR DEFTS, OBJECTOR: ROBERT N. SPINELLI, KELLEY, JASONS, MC GUIRE & SPINELLI, PHILADELPHIA, PA USA.

For ALLSCRIPTS, INC., OBJECTOR: JOSEPH W. GIBLEY, GIBLEY AND MC WILLIAMS, P.C., MEDIA, PA USA.

For RUTH GILMER, OBJECTOR: ROBERT N. KATZ, HEWITT KATZ & DUMICH, ATLANTA, GA USA.

For CHARLIE OZATTA, OBJECTOR: GARY D. CORLEY, STAGNER & CORLEY, SERMAN, TX USA.

For CINDY PATTISON, AILEEN HOFFER, OBJECTORS: LAWRENCE W. SCHONBRUN, LAWRENCE W. SCHONBRUN, ATTY AT LAW, BERKELEY, CA USA.

For COMED MEDICAL EXPENSE PLAN, OBJECTOR: FRANK E. STEPNOWSKI, COGHLAN KUKANKOS COOK, CHICAGO, IL USA.

For CITY OF CHICAGO MEDICAL CARE PLAN, OBJECTOR: MARK D. FISCHER, RAWLINGS & ASSOC., LOUISVILLE, KY USA.

For CITY OF CHICAGO MEDICAL CARE PLAN, CENTRAL STATES HEALTH AND WELFARE FUND, OBJECTORS: FRANK E. STEPNOWSKI, COGHLAN KUKANKOS COOK, CHICAGO, IL USA.

For SYLVIA SZKLARZ, LUIS SZKLARZ, OBJECTORS: PAUL D. RHEINGOLD, NEW YORK, NY USA.

For TRACY BENNETT JOHNS, OBJECTOR: GEORGE MICHAEL JAMAIL, THE REAUD LAW FIRM, BEAUMONT, TX USA.

For BARBARA D. JEFFRIES, DAVID E. JEFFRIES, OBJECTORS: EDWARD A. CORCORAN, BRENNAN, STEIL, BASTING & MAC DOUGALL, MADISON, WI USA.

For NAPOLI OBJECTORS, OBJECTOR: MARC JAY BERN, NAPOLI, KAISER & BERN, NEW YORK, NY USA.

For MICHAEL RINIS, OBJECTOR: FRANK TOMLINSON, PRITCHARD, MC CALL & JONES, BIRMINGHAM, AL USA.

For TERI LAMPING, OBJECTOR: JOHN MORRISON, MELOY & MORRISON, HELENA, MT USA.

For VINSON CARITHERS, III, OBJECTOR: SEAN M. CLEARY, ROBLES & GONZALEZ, P.A., MIAMI, FL USA.

For AVIS F. REID, OBJECTOR: MARK W. DAVIS, DAVIS AND EMIL, GULFPORT, MS USA.

For RACHEL MARES, OBJECTOR: JERRY ALEXANDER, ALEXANDER & ASSOCIATES PC, OMAHA, NE USA.

For RONDA BELK, MARTHA GORDON, SABRINA JOHNSON, PATRICIA DIMARI, OBJECTORS: JEFFREY M. TILLOTSON, LYNN STODGHILL MELSHEIMER & TILLOTSON, L.L.P., DALLAS, TX USA.

**JUDGES:** LOUIS C. BECHTLE, J.

**OPINIONBY:** LOUIS C. BECHTLE

**OPINION:**

### MEMORANDUM AND PRETRIAL ORDER NO. 1488

Bechtle, J.

November 6, 2000

Presently before the court are: (1) Class Counsel's Motion to Impose Bond on Objectors for the Filing of an Appeal and Jane Scuteri, et al.'s, Vinson Carithers, III's and the Dunn Objectors' oppositions thereto; and (2) Class Counsel's Motion to Impose a Bond Requirement on the Jamail Objectors for the Filing of an Appeal, Objector Tracy Bennett-Johns' Response thereto and Class Counsel's Reply to said response. For the reasons set forth below, the motions will be granted in part and denied in part.

## I. BACKGROUND

Class Counsel moves the court to impose a sizable supersedeas bond n1 upon the Napoli, Fleming, Mulligan, Gonzalez, Alexander, Benjamin, Blizzard and Jamail objectors (collectively the "Objectors") [*2] as a condition of pursuing an appeal. The appeals at issue relate to this court's approval of a class action Settlement involving plaintiffs who allege that they have suffered, inter alia, heart valvulopathy from the ingestion of the diet drug combination known as Fen-Phen.

n1 See infra II.A (defining supersedeas bonds).

2000 U.S. Dist. LEXIS 16085, *

In Pretrial Order No. 1415, this court certified a Settlement Class and approved the Nationwide Class Action Settlement Agreement between the parties to this action on August 28, 2000. n2 Pretrial Order No. 1415 was the culmination of the Settlement approval process, which began in November 1999 when the court ordered all Class Members and other interested parties to submit comments in opposition to the proposed Settlement before March 30, 2000. ( *Pretrial Order No. 997 P 18.)* Persons wishing to opt-out of the class were required to do so by that date. *Id. P 19.* Also part of the approval process was a fairness hearing held in May 2000 at which anyone who had [*3] submitted objections pursuant to Pretrial Order No. 997 was given the opportunity to offer evidence concerning the proposed Settlement. See Mem. and Pretrial Order No. 1415 at 14 (discussing Fairness Hearing).

> n2 The class certified by the court includes:
>
> > All persons in the United States, its possessions and territories who ingested Pondimin (R) and/or Redux (R) ("Diet Drug Recipients"), or their estates, administrators or other legal representatives, heirs or beneficiaries ("Representative Claimants"), and any other person asserting the right to sue AHP or any Released Party . . . by reason of their personal relationship with the Diet Drug Recipient, . . .
>
> ( *Pretrial Order No. 1415 P 3.)*

Although the appeals may challenge various aspects of the Settlement, it appears that the Objectors primarily challenge its linking of class members' receipt of medical monitoring benefits to final judicial approval. (Tr. 10/25/00 at 62-63.) n3

> n3 At the October 25, 2000 status conference for this MDL 1203, Edward Blizzard, liaison counsel for the Objectors, and Kenneth J. Chesebro, counsel for the Napoli Objectors, spoke on behalf of the Objectors regarding these two motions. (Tr. 10/25/00 at 60.)

[*4]

Class Counsel claims that the Objectors' attorneys purposefully left a few clients in the Settlement Class in order to gain standing to appeal. (Mot. to Impose Bond on Objectors for the Filing of an Appeal ("Mot. to Impose Bond on Certain Objectors") at 3 n.1.) Class Counsel asserts that the appeals are meritless and solely an attempt to leverage settlements in separate cases or obtain unauthorized fees. Id. As support for this argument, Class Counsel states that the Objectors either did not participate at all in the Fairness Hearing, or participated only marginally. See *id. at 4-10* (setting forth Class Counsel's characterization of Objectors' participation in Fairness hearing and overall Settlement approval process). According to Class Counsel, these appeals will cause the class to suffer significant and possibly irreparable harm resulting from a delay in the provision of medical and monetary benefits to class members if a bond is not issued. *Id. at 10-11.* Accordingly, Class Counsel moves for imposition of a bond in the amount of $ 5,000,000.00 upon each group of objectors pursuant to *Federal Rules of Appellate Procedure 7 & 8* and *Federal Rule* [*5] *of Civil Procedure 62(d).*

The Objectors' attorneys contend that they are advancing the legitimate objections of over 2,000 clients and that they participated meaningfully in the Fairness Hearing and the Settlement approval process. See Tr. 10/25/00 at 64-65 (reflecting Mr. Blizzard's argument that Objectors coordinated presentation at Fairness Hearing through him). According to the Objectors, Class Counsel only seeks to impose a bond requirement in order to squelch the Objectors' appeals. *Id. at 64.* They note that Class Counsel has not sought to impose bond on a number of other appellants, including Interneuron Pharmaceuticals, Inc., Les Laboratories Servier, Blue Cross/Blue Shield, CIGNA and several other subrogation interests. *Id. at 63.*

## II. DISCUSSION

Class Counsel argues that *Federal Rules of Appellate Procedure 7 & 8, Federal Rule of Civil Procedure 62(d),* as well as the court's inherent equity power permit the court to impose a sizable bond on the filing of an appeal. Accordingly, they request that the court require each objector to post a bond to cover: (1) costs on appeal; (2) attorney's fees on appeal; and (3) damages [*6] resulting from the delay and/or disruption of Settlement administration caused by the appeal. Class Counsel suggests that a bond of not less that $ 5,000,000.00 be imposed upon each set of objectors.

The Objectors argue that none of the rules cited by Class Counsel authorize the relief sought and that even if such a bond were authorized, Class Counsel have not demonstrated that the Objectors are improperly interfering with the judgment and thereby delaying receipt of Settlement benefits by class members.

**A. A Supersedeas Bond May not be Imposed in the Absence of a Stay**

2000 U.S. Dist. LEXIS 16085, *

Class Counsel characterizes the type of bond that they request as a "supersedeas" bond. (Mot. to Impose Bond on Certain Objectors at 1; Mot. to Impose Bond on Jamail Objectors at 1.) However, as discussed below, the district court has no power to impose a supersedeas bond in the absence of a stay. Furthermore, it appears that the nature of the bond requested by class counsel is a cost bond rather than a supersedeas bond.

A supersedeas bond is defined as a "bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful. [*7] " Black's Law Dictionary 738 (6th ed. 1990). *Federal Rule of Civil Procedure 62(d)* provides that an appellant may obtain a stay of judgment by giving a supersedeas bond. *Fed. R. Civ. P. 62(d)*. A party must move in the district court for approval of a supersedeas bond. *Fed. R. App. P. 8(a)(1)(B)*.

As noted by the Court of Appeals for the Second Circuit in *Adsani v. Miller*, "cost bonds and supersedeas bonds 'should not be confused.'" *Adsani, 139 F.3d 67, 70 n.2 (2d Cir. 1998)* (quoting Wright, Miller and Cooper, 16A Federal Practice & Procedure: Jurisdiction 2d § 3953 at 278 (1996)). As the *Adsani* case explained, a supersedeas bond is retrospective and covers sums related to the merits of the underlying judgment and a stay of its execution, whereas a cost bond is prospective and relates to the potential expenses of litigating the appeal. Id. (citation omitted).

The language of *Federal Rule of Civil Procedure 62* indicates that a co-requisite to imposition of a supersedeas bond is a motion for a stay by the appellant. For example, Rule 62(d) states that "when an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The stay [*8] is effective when the supersedeas bond is approved by the court." The court agrees with the Objectors that these Rules do not condition the appeal on posting of a bond. Rather, they only condition the stay of execution, not the right to appeal, on the posting of a supersedeas bond. See *In re Farrell Lines, Inc., 245 U.S. App. D.C. 393, 761 F.2d 796, 797-98 (D.C. Cir. 1985)* (stating that failure to furnish supersedeas bond does not forfeit appellant's right to appeal). Also, nothing in the language of these rules indicates that an appellee can move the court for imposition of a supersedeas bond.

Class Counsel cites no case actually holding that a supersedeas bond can be imposed in the absence of a motion for a stay. See, e.g., *United States ex rel Terry Inv. Co. v. United Funding & Investors, Inc., 800 F. Supp. 879, 881 (E.D.Cal. 1992)* (holding that court had no power to impose supersedeas bond absent stay, despite appellee's argument that appeal constituted de facto stay in class action). Class Counsel does cite In re

NASDAQ Market Market-Makers Antitrust Litigation for the proposition that filing a notice of appeal in a class action acts [*9] as a de facto stay and that the district court can impose a "substantial supersedeas bond" on objectors who use appellate threats to coerce a settlement for private, unrelated cases. *In re NASDAQ, 187 F.R.D. 124, 127-28 (S.D.N.Y. 1999)*. However, that case dealt with imposition of an appeal bond n4 under Rule 7, not a supersedeas bond. *Id. at 127*.

> n4 Cost bonds are also known as appeal bonds. See Black's Law Dictionary 97, 346 (6th ed. 1990) (defining appeal bonds and cost bonds in reference to *Fed. R. App. P. 7*).

Although the consequences of an appeal from approval of a class action settlement may be similar to a stay, the court nevertheless concludes that it has no authority to impose a supersedeas bond in the absence of an appellant's motion for a formal stay of execution.

## 2. The Court May Impose a Bond to Cover Costs on Appeal

Under *Federal Rule of Appellate Procedure 7*, the district court "may require an appellant to file a bond or provide other security in [*10] any amount necessary to ensure payment of costs on appeal." *Fed. R. App. P. 7*. Failure to comply with the Rules of Appellate Procedure is grounds "for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." *Fed. R. App. P. 3(a)*. Thus, an appeal can effectively be conditioned on the appellant's posting of a bond required by the district court. See generally *Zebrowski v. Hanna, 973 F.2d 1001, 1006 (1st Cir. 1992)* (citing *Sckolnick v. Harlow, 820 F.2d 13 (1st Cir. 1987)*) (noting that failure to post Rule 7 bond may result in dismissal); *Patrick v. John Odato Water Serv., 26 V.I. 361, 767 F. Supp. 107, 109 (D.V.I. 1991)* (discussing dismissal as sanction for failure to timely post bond); but see Wright, Miller & Cooper, 16A Federal Practice & Procedure: Jurisdiction 2d § 3953 at 278-79 (1996) (stating that "failure to post such a bond is easily correctable and, standing alone, should not warrant dismissal").

The Third Circuit has held that "costs" under Rule 7 are defined in reference to *Federal Rule of Appellate Procedure 39* n5 and *28 U.S.C. § 1920*. n6 *Hirschensohn v. Lawyers Title Ins. Corp., 1997 U.S. App. LEXIS 13793, Civ. No. 96-7312, 1997 WL 307777*, [*11] *2-3 (3d Cir. June 10, 1997)*; see *McDonald v. McCarthy, 966 F.2d 112, 115 (3d Cir. 1992)* (stating that "ordinarily, 'costs' for the purposes of Rule 39 should be defined with reference to *28 U.S.C. § 1920*"). These costs include printing and producing copies of briefs, appendices, records, court reporter transcripts, premiums or costs for supersedeas bonds, or other bonds to secure

2000 U.S. Dist. LEXIS 16085, *

rights pending appeal, and fees for filing the notice of appeal. *Id. 1997 U.S. App. LEXIS 13793,* Id. at *1. Hirschensohn also held, however, that attorneys' fees were not included in the term "costs" for the purposes of Rules 7 and 39. Id.; see also *Gerstein v. Micron Tech., Inc., 1993 U.S. Dist. LEXIS 21213,* *2-3, Civ. No. 89-1262 (D. Idaho Dec. 6, 1993) (stating that costs under Rule 7 are those that may be taxed against unsuccessful litigant under Rule 39, and do not include attorney's fees); *Donaldson v. Imperial Cas. & Indem. Co., 1989 U.S. Dist. LEXIS 17920,* *2, Civ. No. G88-52 (W.D. Mich. Sept. 21, 1989) (citations omitted) (same).

n5 Under Rule 39, the following costs on appeal are taxable in the district court:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

*Fed. R. App. P. 39(e).* [*12]

n6 Under *28 U.S.C. § 1920,* taxable costs are:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation

of interpreters, and salaries, fees, expenses and costs of special interpretation on services under section 1928 of this title.

*28 U.S.C. § 1920.*

Employing a broader reading of Rule 7, the Court of Appeals for the Second Circuit has held that attorneys' fees are part of "costs" when the statute providing the substantive law of the case authorizes an award of attorney's fees to the prevailing party. See *Adsani, 139 F.3d at 71-76* (including attorney's fees as "costs" under Rule 7 in copyright infringement action); see also *In re NASDAQ, 187 F.R.D. at 128* [*13] (including attorney's fees in Rule 7 bond where appeal governed by Clayton Act). Also in Adsani, the Second Circuit rejected the appellant's argument that Rule 39 defines "costs" for all of the Rules of Civil Procedure. *Adsani, 139 F.3d at 75.* Rather, the court noted, Rule 39 "defines the circumstances under which the costs should be awarded." Id. Thus, according to the Second Circuit, "costs" under Rule 7 may include "costs" as defined by the relevant substantive statute governing the appeal, and are not limited to the "costs" enumerated in Rule 39. *Id. at 75 n.9;* see also *Montgomery & Assocs. v. CFTC, 259 U.S. App. D.C. 479, 816 F.2d 783, 784 (D.C. Cir. 1987)* (holding that "costs" in Rule 39 may include attorney's fees where substantive statute includes attorney's fees as "costs"). n7

n7 In Skolnick v. Harlow, not cited by Class Counsel or Objectors, the First Circuit affirmed the district court's imposition of a Rule 7 bond to secure costs, including attorney's fees, that might be awarded pursuant to Rules 38 and 39. *Sckolnick, 820 F.2d 13, 15 (1st Cir. 1987).* However, the court's holding was based on a conclusion that the district court did not abuse its discretion in determining the appeal to be frivolous and predicting that sanctions might be imposed under Rule 38. Id. It appears that the pro se plaintiff did not argue that Rule 7 bonds did not include attorney's fees or damages, nor did the court engage in any analysis of Rule 7. Id. Thus, this case is of limited precedential value.

[*14]

Class Counsel's argument that attorney's fees should be included in the "costs" covered by a Rule 7 bond is unavailing. The weight of authority indicates that "costs" under Rule 7 generally do not include attorney's fees. Furthermore, Adsani and In re NASDAQ appear to stand for the limited proposition that statutorily authorized costs may be included in an appeal bond authorized by

2000 U.S. Dist. LEXIS 16085, *

Rule 7. In any event, they are not controlling authority in this district.

Class Counsel also cites In re NASDAQ for the proposition that a bond imposed under Rule 7 can secure damages caused by delay incident to an appeal. (Mot. to Impose Bond on Certain Objectors at 11.) In that case, the district court imposed a bond of over $ 100,000.00 on an objector whose appeal from approval of a class action settlement was found by the court to be "objectively unreasonable." *In re NASDAQ, 187 F.R.D. at 128.* Included in the bond were projected costs to the settlement trust resulting from the delay incident to appeal. *Id. at 128-29.* The court noted that "an appeal bond provides a 'guarantee that the appellee can recover from the appellant the damages caused by the delay [*15] incident to the appeal.'" *Id. at 128* (quoting *Morgan Guaranty Trust Co. of N.Y. v. Republic of Palau, 702 F. Supp. 60, 65 (S.D.N.Y. 1988)).* However, the two cases cited by the district court as support for this proposition dealt with supersedeas bonds, not costs bonds imposed under Rule 7. See *Morgan, 702 F. Supp. at 65* (stating that "a supersedeas bond . . . provides a guarantee that the appellee can recover . . . damages caused by the delay"); *Omaha Hotel Co. v. Kountze, 107 U.S. 378, 392, 27 L. Ed. 609, 2 S. Ct. 911 (1883)* (discussing measure of damages recoverable on "an appeal bond given for supersedeas of execution on a decree of foreclosure"). n8 It appears that In re NASDAQ overlooked the subtle but important difference between cost bonds and supersedeas bonds, and thus does not offer persuasive support for Class Counsel's argument.

n8 Although Omaha Hotel does use the term "appeal bond," it is clear from reading the case that the bond at issue was a "supersedeas bond." See *Omaha Hotel, 107 U.S. at 379* (stating that "defendants appealed, and, to obtain supersedeas of execution, gave the appeal bond which is the subject of the present controversy").

[*16]

Accordingly, the court concludes that for purposes of the instant case, "costs" under Rule 7 are limited to the costs enumerated under *Federal Rules of Appellate Procedure 7* and *39* and *28 U.S.C. § 1920.* *Hirschensohn, 1997 U.S. App. LEXIS 13793, 1997 WL 307777* at *2-3.

**C. The Court will Require Objectors to Post a Bond in the Amount of $ 25,000.00, for which Objectors are Jointly and Severally Responsible**

A district court may not impose bond in an amount beyond what is necessary to ensure adequate security if to do so would effectively preclude pursuit of an appeal. See *Lindsey v. Normet, 405 U.S. 56, 77-79, 31 L. Ed. 2d*

36, 92 S. Ct. 862 (1972) (holding statute conditioning appeal on posting of double bond unconstitutional under Fourteenth Amendment equal protection clause). n9 Nor may a bond be imposed for the purpose of discouraging exercise of the right to appeal. See *Clark v. Universal Builders, Inc., 501 F.2d 324, 341 (7th Cir. 1974)* (stating that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"). However, although requiring security for payment of costs has a deterrent effect on [*17] the exercise of appellate rights, the government nevertheless has the power to deny access to the courts if the condition of reasonable security is not met. *Cohen v. Beneficial Loan Corp., 337 U.S. 541, 552, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949); Adsani, 139 F.3d at 77.*

n9 Presumably, a challenge to a bond imposed under the Federal Rules of Appellate procedure would be based on the due process clause of the Fifth Amendment.

Rule 7 was not intended to be used as a means of discouraging appeals, even if perceived to be frivolous. See *In re American President Lines, Inc., 250 U.S. App. D.C. 324, 779 F.2d 714, 717 (1985)* (denying bond requested because it failed as legitimate means of protecting appellee against possibility that appeal might turn out to be frivolous). There are means other than bonds which adequately protect an appellee against frivolous appeals. One such device is an immediate motion to dismiss filed in the court of appeals. Id. This is available [*18] at the beginning of the appeal and may provide relief before expenses begin to mount. Id. Another protective device is Rule 38, under which just damages and single or double costs, including attorney's fees, may be awarded to the appellee if the Court of Appeals determines that the appeal was frivolous. *Fed. R. App. P. 38*; *Donaldson, 1989 U.S. Dist. LEXIS 17920,* at *4. Thus, even if these appeals are frivolous and solely an attempt to leverage an inventory settlement, Class Counsel has adequate remedies available to it in the court of appeals. n10

n10 This court has the power to hold the Objectors' attorneys liable for unreasonably and vexatiously multiplying proceedings under its inherent equitable powers and *28 U.S.C. § 1927.* See *Hall v. Cole, 412 U.S. 1, 4-5, 36 L. Ed. 2d 702, 93 S. Ct. 1943* (noting that federal courts may exercise equitable powers to award attorney's fees); *Williams v. Giant Eagle Mkts., Inc., 883 F.2d 1184, 1191 (3d Cir. 1989)* (stating that § 1927 sanctions should only be imposed in instances of serious and studied disregard for

2000 U.S. Dist. LEXIS 16085, *

judicial process). It does not follow, however, that the court can include expenses related to this conduct in a Rule 7 bond and condition the appeal upon posting of that bond. Requests for such sanctions are best addressed by the court of appeals under Rule 38.

[*19]

To grant Class Counsel's request and impose a bond of $ 5,000,000.00 upon each objector would be excessive. First, a $ 5,000,000.00 bond requirement on each set of objectors would effectively squelch the right to appeal for many if not all of them. Secondly, the "costs" which this court is authorized to consider in calculating the amount of bond will hardly amount to $ 40,000,000.00 ($ 5,000,000.00 times 8 sets of objectors).

The court concludes that $ 25,000.00 is a reasonable estimate of Class Counsel's costs in defending these appeals. These costs include printing and producing copies of briefs, appendices, records and court reporter transcripts. See *Hirschensohn, 1997 U.S. App. LEXIS 13793, 1997 WL 307777* at *1 (setting out costs under Rule 7). The service list in this case contains 87 attorneys that must be served with copies of briefs. Thus, the printing expenses alone for defending this appeal may run into the thousands of dollars. See 3d Cir. R. 39.3 (discussing taxation of reproduction costs of briefs and appendices).

Presumably, some of the objectors will utilize parts of the record and reproduce exhibits that others will not. Also, some objectors will likely raise different [*20] issues in their appeals than others, causing the class to incur either more or less expense than incurred defending the appeals of other objectors. Accordingly, the Objectors will be jointly and severally responsible for posting the $ 25,000.00 bond. The court believes that this arrangement will adequately secure recovery of costs should the class prevail but will not work a financial hardship on the exercise of the Objectors' rights to appeal. See *Adsani, 139 F.3d at 76-78* (holding that $ 35,000.00 bond not unconstitutional barrier to appeal where no showing of inability to pay).

### III. CONCLUSION

For the reasons set forth above, Class Counsel's motions will be granted in part and denied in part. An appropriate order follows.

### PRETRIAL ORDER NO. 1488

AND NOW, TO WIT, this 6th day of November, 2000, upon consideration of: (1) Class Counsel's Motion to Impose Bond on Objectors for the Filing of an Appeal and Jane Scuteri, et al.'s, Vinson Carithers, III's and the Dunn Objectors' oppositions thereto; and (2) Class Counsel's Motion to Impose a Bond Requirement on the Jamail Objectors for the Filing of an Appeal, Objector Tracy Bennett-Johns' [*21] Response thereto and Class Counsel's Reply to said response; IT IS ORDERED that Class Counsel's motions are GRANTED in part and DENIED in part. The motions are denied with respect to the request that a bond of $ 5,000,000.00 be imposed on each set of objectors. The motions are granted in that the Objectors shall be jointly and severally responsible for posting a $ 25,000.00 bond to ensure payment of costs incurred by the class on appeal should the class prevail.

LOUIS C. BECHTLE, J.