## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: SHEILA BROWN, ET AL. V. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |

**CLASS COUNSEL'S MEMORANDUM OF LAW IN RESPONSE TO
MOTION OF KATHRYN CHAMBERLAIN AND LEO MANNING
FOR INCLUSION IN CATEGORY ONE OF THE SEVENTH AMENDMENT
TO THE NATIONWIDE CLASS ACTION SETTLEMENT AGREEMENT**

## I.      STATEMENT OF FACTS

Kathryn Chamberlain (DDR # 8262017) and Leo Manning (DDR # 8262069) seek inclusion in Category One of the Seventh Amendment to the Nationwide Class Action Settlement Agreement. Eligibility for inclusion in Category One is governed by § III.A.1. of the Seventh Amendment, which in pertinent part, provides:

> 1.    "Category One" consists of all Diet Drug Recipients (or their Representative Claimants) who:
>
> > a.    Have signed a Pink form, a Blue form, and/or Part I of a Green Form, and submitted it to the Trust on or before May 3, 2003, and/or on whose behalf a Green Form Part II was substantially completed as further described in Section III.A.1.b(2), signed and submitted by an Attesting Physician to the Trust on or before May 3, 2003; and
>
> > b.    (i) **In the case of any Class Members who have exercised an Initial, Intermediate, or Back-End Opt-Out right under the Settlement Agreement, have submitted a Green Form to the Trust before May 6, 2004**, and (ii) in the case of any other Class Member, have submitted a Green Form to the Trust, or pursuant to

1

Section XIV.C.4, submits a Green Form to the Trust before the end of the Seventh Amendment Opt-Out/Objection Period:

(1)     In which Part I was signed by the Class Member and in which Part II was signed by an Attesting Physician; and

(2)     **In which the unaudited answers provided by the Attesting Physician in Part II of the Green Form contain sufficient information on medical conditions to support a claim for Matrix Compensation Benefits on Matrix Level I and/or Matrix Level II of the Settlement Agreement**...; and (emphasis added)

                *       *       *       *       *       *       *       *

For those Class Members who had exercised an opt-out these Sub-Sections of the Seventh Amendment provide that in order for them to be eligible to be a member of Category One of the Seventh Amendment, they needed to have submitted, *inter alia,* a Green Form **by May 6, 2004 in which Part II attests to the Class Member having medical conditions that support a Matrix Level I and/or II Claim**.

Neither of the moving Class Members had on file with the AHP Settlement Trust by May 6, 2004, a Green Form Part II that met the requirements of Sec. III.A.1.b.(2), above. Though each filed a Green Form in May 2003, the unaudited answers to Part II for each, did NOT contain "sufficient information on medical conditions to support a claim for Matrix Compensation Benefits on Matrix Level I and/or Matrix Level II of the Settlement Agreement."

Part II of the Green Forms that each filed in May 2003 alleged Moderate Mitral Regurgitation, but neither alleged the presence of a complication factor that would have facially qualified either Claim for Matrix Level I and/or II benefits. As for each of the relevant complication factors for a Matrix Level I and/or II Claim based on Moderate Mitral Regurgitation, the answers provided by the attesting doctors to each such question for each claim, was "NO". The provision

2

of "NO" answers by the attesting doctors resulted in a determination that neither Class Member met the requirements of the Seventh Amendment for their inclusion in Category One.

Part II of the Green Forms that these Class Members submitted in May 2003 were complete, i.e., they were not missing answers to relevant questions. Because they were fully complete, the Trust did not need to issue a deficiency letter advising them that their Claims could not be processed because of an absence of information that was necessary to Claim processing.

For purposes of Category One inclusion, May 6, 2004 is the operative date for assessing the medical information attested to in these Class Members' Green Forms Part II, because each had exercised an intermediate opt-out by May 3, 2003.[1] In moving for inclusion in Category One, these Class Members do not dispute that as of May 6, 2004, their Green Forms Part II did not meet the Seventh Amendment requirements for their inclusion in Category One.

On November 23, 2004, the Trust issued Tentative Determinations constituting facial denials of the May 2003 Green Form Claims for both of these Class Members, on the basis that the Green Forms did not facially allege a Matrix Level I and/or II Claim. The Trust was permitted to issue such

---

[1] These Class Members also filed Requests for Inclusion in Category One by November 9, 2004, the date which corresponds to the "end of the Seventh Amendment Opt-Out/Objection Period," purportedly in response to their ascertaining that they were not included in the Initial Category One List published in September 2004. But the Requests for Inclusion that they submitted were duplicate copies of the previously filed Green Forms Part II, that were facially deficient. Further, because these Class Members had previously filed intermediate opt-outs, they are bound by the May 6, 2004-deadline that applies to Class Members who had exercised an intermediate opt-out. Thus, these Class Members could not make a Request for Inclusion under Sec. XIV.C.4 of the Seventh Amendment because of the limitation imposed by Sec. III.A.1.b(i). Class Counsel previously discussed the May 6, 2004-limitation for inclusion in Category One for Class Members who had filed an intermediate opt-out. See Class Counsel's Memorandum of Law in Response to Certain Claimants Represented by Baron & Budd's Amended Memorandum in Support of Inclusion in Category One of the Seventh Amendment to the Nationwide Class Action Settlement Agreement (filed February 16, 2006, Brown docket at Document No. 2484)(hereinafter referred to as "Class Counsel's Baron & Budd Response").

3

facial denials without first submitting the Claims to audit pursuant to Pretrial Orders 2662 and 2807, because the answers provided by the attesting doctors in each did not facially demonstrate that either Claim met the medical condition requirements of the Settlement Agreement for a Matrix Level I and/or II Claim.

Both Class Members contested the Tentative Determinations/facial denials by the Trust by submitting "corrected" Green Forms Part II wherein the previously provided "NO" answer to question F.5 relating to whether either suffered from an enlarged left atrium, was now answered as "Yes." The Trust denied the contests and issued Final Determination letters denying the Matrix Claims. These "corrected" Green Forms Part II were based on the same echocardiograms on which the original Green Forms Part II were based and attested to by the same physicians who completed the original Green Forms Part II. The "corrected" Green Forms Part II were not accompanied by an affidavit of the attesting doctors explaining the "error," though Baron & Budd explains in the their cover letter to the Trust accompanying the filings that the underlying echocardiogram written reports for each of these two Class Members reported on the presence of an enlarged left atrium, and therefore the "NO" answers to question F.5 was inadvertent.[2]

In seeking inclusion in Category One, these Class Members argue that the original Green Forms were incorrectly completed by their attesting doctors, who intended to answer the question relating to whether the Class Member suffered from an increased left atrium as "Yes," but inadvertently answered such question as "No." They state that had the Trust denied the original Green Forms at an earlier date, for example shortly after the filings in May 2003, they would have

---

[2]A copy of the written echocardiogram report for each claim showing the presence of an enlarged left atrium had been provided to the Trust.

had an opportunity to have filed different or corrected Green Forms prior to the May 6, 2004 date
that limits their eligibility for inclusion in Category One.

They also argue that the Trust did not meet the obligations imposed upon it by the terms of
the Settlement Agreement to timely notify them that their claims were facially deficient and to notify
them that their claims were missing information necessary to support a Claim for Benefits. Finally,
they argue that the "corrected " Green Forms filed on December 7, 2004 and December 22, 2004
as their contests to the Tentative Determination Denials, should be accepted and relate back to the
dates of their filing of their original Green Forms around May 2003, so as to be deemed filed prior
to the May 6, 2004 deadline imposed by Sec. III.A.1.b(i) of the Seventh Amendment.

To the extent the arguments made by these Class Members seek to invoke the principle of
excusable neglect, Class Counsel will rely on the previously filed memoranda of law addressing that
issue in the context of requests for inclusion in Category One.[3]

To the extent that these Class Members argue that the Trust failed to properly process their
claims by not "second guessing" the answers provided by attesting physicians and by failing to abide
by processing deadlines imposed by the Settlement Agreement, Class Counsel respond as follows.

---

[3] These Class Members are represented by the law firm of Baron & Budd, which filed
two other motions on behalf of other clients of their firm seeking inclusion in Category One of
the Seventh Amendment, to which Class Counsel responded. Class Counsel's memoranda
discussed their position regarding the applicability of the principle of excusable neglect to
requests for inclusion in Category One of the Seventh Amendment, and accordingly, Class
Counsel incorporate those pleadings by reference. *See* Class Counsel's Baron & Budd Response,
*(Brown* docket, Document No. 2484, filed February 16, 2006), *supra.* and Class Counsel's
Memorandum of Law in Response to Certain Claimants' Motion for Inclusion in Category One
of the Seventh amendment to the Nationwide Class Action Settlement Agreement (filed
February 16, 2006, *Brown* docket at Document No. 2507).

## II.    ARGUMENT

### A.    These Class Members Incorrectly Interpret the Settlement Agreement As Imposing an Obligation on the Trust to Ascertain Whether a Fully Complete Green Form Part II Contains an Erroneous Answer Provided by the Attesting Physician

The moving Class Members wrongly interpret the Settlement Agreement as imposing on the Trust an obligation to perform a lay review of complete Green Forms Part II to determine whether the answers provided by the Attesting Physician are erroneous. No such obligation is imposed on the Trust by the terms of the Settlement Agreement.

They make this argument based on their interpretation of the Settlement Agreement that the obligation off the Trust to issue a deficiency notice to Class Members who submitted an **incomplete** Claim Form, encompasses an obligation to perform a lay review of **complete** Green Forms in an effort to ascertain whether the answers provided by the attesting physician may be erroneous.

Class Counsel agree that the Settlement Agreement imposes on the Trust a processing obligation to determine whether or not a Claim is complete. *See* Settlement Agreement, §VI.C.3.a.

The disconnect in the moving Class Members' argument is their attempt to equate the obligation to ascertain whether a Claim is incomplete as also encompassing an obligation to perform a lay review of complete Claims to ascertain whether the set of complete information provided by an attesting physician is erroneous.

The Settlement Agreement does not impose as a matter of claim processing an obligation on the Trust to "second guess" negative answers provided by the attesting physician to determine whether they are erroneous.[4] Indeed, there are numerous claims that were facially denied by the

---

[4] The Trust's obligation to audit claims pursuant to Pretrial Orders 2662 and 2807 that contain affirmative attestations that facially support a Matrix Level condition is totally

6

Trust on the basis that the answers attested to by the attesting physician in the Green Forms Part II did not demonstrate the presence of medical conditions that supported a Matrix Level condition. Many such denials resulted because the Class Member's attesting physician attested to the Class Member suffering from only mild mitral regurgitation, or FDA positive regurgitation without the presence of a complicating factor. To the extent appeals have been taken from such Trust denials, they have been affirmed in arbitration.[5]

The parties to the Settlement Agreement never intended it to be interpreted to impose on the Trust the obligation that these class members claim exists. And, were such an interpretation to be held to be present, it would cause a processing nightmare. In practical terms such an interpretation would then have required the Trust to "second guess" the facial answers provided in every Green Form Part II in order to "create" claims not asserted so that the Claim could be eligible for audit.

Such an interpretation is well beyond the clear intent of the Settlement Agreement and should not be engrafted onto the Agreemenet by bootstrapping off of an entirely different

---

distinguishable. Moreover, the only manner in which the Trust could "second guess" a claim that is facially ineligible for Matrix Benefits would have been for it to submit the Claim to audit for a determination by an auditor whether the negative responses should have been in the affirmative. With the history of claims-filing practices here, it is difficult to believe that represented Class Members did not put their "best foot" forward in their Green Form filings, affirmatively alleging each and every condition that they could in support of a Matrix Claim.

[5] *See* Arbitration Decision No. 4 (mild mitral regurgitation denied matrix benefits; Trust determination affirmed); Arbitration Decision No.11 (FDA positive without presence of a qualifying complication factor denied matrix benefits; Trust determination affirmed); Arbitration Decision No. 12 (complication factor without requisite level of regurgitation to support matrix claim denied matrix benefits–later unsworn letter of physician reporting of higher levels of regurgitation and presence of additional complication factors insufficient for matrix benefits; Trust determination affirmed); Arbitration Decision No. 21 (Moderate Mitral Regurgitation without assertion of complication factor denied matrix benefits–presence of FDA positive Mitral regurgitation without complicating factor insufficient; Trust determination affirmed).

7

responsibility imposed on the Trust to afford Class Members who submitted an **incomplete** Claim notice of a deficiency so that they could supply **missing** information to allow for the further processing of the Claim to a determination.

In sum, the argument that these Class Members make, that their facially complete Green Forms Part II should have been evaluated by the Trust for whether the attesting physician's really meant to provide the "NO" answers given, simply does not make sense.

> **B.    The Processing Deadline Imposed by the Settlement Agreement for Making Determinations of Green Form Claims for Matrix Benefits was Suspended by Pretrial Orders 2663, 2881[6]and 3185**

Movants also allege that the Trust failed to timely issue tentative determinations on their Claims for Matrix Benefits. But in making this argument, they fail to recognize that processing deadlines relating to Claims for Matrix Benefits that were imposed by the Settlement Agreement were suspended by a series of Pretrial Orders commencing with PTO 2663 entered well before their Claims were submitted.

On December 3, 2002, the Court entered Pretrial Order No. 2663, which, in pertinent part, suspended the deadlines imposed on the Trust for the processing of Fund A and Fund B claims under § VI.C.3.a.2-4 of the Settlement Agreement, except for the requirement to provide a Class Member with the unique identifying number assigned to the claim within 30 days of the receipt of a Claim.

---

[6]In addition, Pretrial Order 2983 established a briefing schedule related to the Trust's Motion for approval of its Operations Plan. The Plan proposed that the Trust would, *inter alia,* prioritize its processing of Green Forms submitted, implement a Claims Integrity Program and attempt to audit each month minimum volumes of facially eligible and completed Green Form claims for Matrix Benefits. The effect of this pretrial order and the events of that time, was to continue the suspension of the Trust's obligation to process completed Green Form Claims within the deadlines imposed by the Settlement Agreement.

*See* PTO 2663 at ¶ 1(a). The effect of that suspension was to relieve the Trust from determining whether a Claim was complete within 30 days of its receipt.

However, ¶ 2 of PTO 2663 did not relieve the obligation of the Trust to make tentative determinations of claims that the Trust determined to be complete, within the applicable time periods provided for by the Settlement Agreement.

In essence, what these two paragraphs of PTO 2663 do, is on the one hand, relieve the Trust from making completeness determinations within the time frames dictated by the terms of the Settlement Agreement, but on the other hand, retain the obligation that the Trust make tentative determinations within the time frames dictated by the terms of the Settlement Agreement *once the Trust determines a Claim is in fact complete.*

So, pursuant to these paragraphs of PTO 2663, the Trust was afforded virtually unbounded time to determine whether a matrix claim was in fact complete, but the Trust remained bound by the original deadlines of the Settlement Agreement to issue tentative determinations once the completeness determination was made.

In the context of the instant matter, where the Class Members submitted their Green Forms around May 2003, the Trust  was not obligated to make a tentative determination within the deadlines imposed by the Settlement Agreement after the trust's receipt of the Claims, but only within the deadlines imposed by the Settlement Agreement *once* the completeness determination was made.

On June 3, 2003, the Court entered Pretrial Order No. 2881 which extended the suspension of processing deadlines of Pretrial Order No. 2663, subject to the requirement that the Trust "process to determination and/or referral to audit all claims within sixty (60) days of the date that claims are

determined to be complete and timely notify claimants under Sections VI.C.4.e and VI.C.4.f. of the Settlement Agreement." *Id.* at ¶ (2)(c). Pretrial Order No. 2881 once again afforded the Trust virtually unbounded time to determine whether a Matrix Claim was complete, though it also retained the obligation that the Trust render a determination on the Claim after the Trust made its completeness determination.

Then, on December 19, 2003, by Pretrial Order No. 3185, the Court further extended the suspension of processing deadlines until February 29, 2004.[7]

In sum, the Trust was relieved by these pretrial orders from having to issue tentative determinations on Matrix Claims within 30 days of **receipt** of a complete Claim. Instead, the Trust was afforded unbounded time to ascertain whether a Claim was complete, and only after it made that determination, was it required to issue a determination within a defined period of time.[8]

III. **CONCLUSION**

Class Counsel disagree with the moving Class Members' interpretation of the Settlement Agreement that the Trust was required to "second guess" facially complete Matrix Claims to determine if the answers provided by the attesting physician were the answers intended, and to issue a deficiency notice if the Trust believed there was an error. The Settlement Agreement did no more

---

[7]On March 30, 2004 Wyeth filed an emergency motion for a temporary stay of processing all Matrix Claims. Pretrial Order 3413, entered on April 8, 2004 established a briefing schedule related to that motion, and ultimately on May 10, 2004, Pretrial Order 3511 was entered that stayed processing pending negotiations leading to the Seventh Amendment.

[8]Class Counsel does not know when the Trust may have made a completeness determination of these Claims, so as to have triggered running of the time within which to then issue a tentative determination. Certainly, if the Trust had identified these Claims as being "complete" well before May 6, 2004, and then failed to issue a tentative determination within the required time to do so, then these facts could be relevant to the determination of whether these Class Members may be entitled to relief under the excusable neglect principle.

than to require the Trust to review claims for completeness, to process those that were complete, and to issue deficiency notices for those that could not be processed because they were not complete.

In the instance of the two claims at issue here, since each were facially complete when submitted to the Trust, Class Counsel disagree with movants that the Trust was required to issue a deficiency notice because the complete claims did not facially allege a Matrix Claim.

Further, these Class Members were not deprived of the opportunity to review the Green Form claims that they submitted in May 2003 to determine whether they facially alleged a Matrix Level Claim, and upon a determination that there was an error in the Green Forms submitted, to submit a different Green Form by May 6, 2004. These Class Members had a full one year to take that action, regardless of what processing the Trust may have done on their Claims during that time period.

Date: April 24, 2006                     Respectfully submitted,

Arnold Levin, Esquire
Michael D. Fishbein, Esquire
Laurence S. Berman, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
*LIAISON COUNSEL IN MDL 1203, CO-LEAD
COUNSEL IN MDL 1203 & CLASS COUNSEL IN
BROWN, C.A. NO. 99-20593*

11

## CERTIFICATE OF SERVICE

I, Laurence S. Berman, Esquire, do hereby certify that a true and correct copy of Class Counsel's Memorandum of Law in Response to Motion of Kathryn Chamberlain and Leo Manning for Inclusion in Category One of the Seventh Amendment to the Nationwide Class Action Settlement Agreement has been served on this 24th day of April, 2006 via United States Postal Service, postage pre-paid to the persons on the attached Service List on this date.

LAURENCE S. BERMAN, ESQUIRE

Richard L. Scheff, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street, Avenue of the Arts
28th Floor
Philadelphia, PA 19109
215-772-1500 (p)
215-772-7502 (direct dial)
215-772-7620 (f)

Andrew A. Chirls, Esquire
Abbe F. Fletman, Esquire
Robyn D. Kotzker, Esquire
Wolf Block Schorr and Solis-Cohen, LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA  19103-2097
215-977-2000 (p)
215-977-2472 (direct dial)
215-977-2337 (f)
215-405-2572 (direct fax)

Gregory P. Miller, Esquire
Special Discovery Master
Miller Alfano & Raspanti, P.C.
1818 Market Street, Suite 3402
Philadelphia, PA  19103
215-972-6400 (p)
215-988-1478 (f)

Donald R. Jones, Esquire
The Jones Law Firm
3109 Carlisle
Suite 100
Dallas, TX  75204

John J. Cummings, III, Esquire
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130
504-586-0000 (p)
504-522-8423 (f)
(PMC/Class Counsel)

Stanley M. Chesley, Esquire
Waite Schneider Bayless & Chesley Co., L.P.A.
513 Central Trust Tower
Fourth & Vine Streets
Cincinnati, OH  45202
513-621-0267 (p)
513-381-2375 (f)
513-621-0262 (f)
(PMC/Class Counsel)

Roger P. Brosnahan, Esquire
Law Offices of Roger P. Brosnahan, P.A.
116 Center Street
Winona, MN 55987-3422
507-457-3000 (p)
507-457-3001 (f)
(PMC)

Elizabeth J. Cabraser, Esquire
Leiff, Cabraser & Heimann
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
415-956-1000 (p)
415-956-1008 (f)
(PMC)

Michael D. Hausfield, Esquire
Cohen, Milstein, Hausfield & Toll, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005-3934
202-408-4600 (p)
202-408-4699 (f)
(PMC)

William S. Kemp, Esquire
Harrison, Kemp & Jones LLP
3800 Howard Hughes Parkway
17th Floor
Las Vegas, NV 89109
702-385-6000 (p)
702-385-6001 (f)
(PMC)

Dianne M. Nast, Esquire
Roda & Nast
801 Estelle Drive
Lancaster, PA 17601
717-892-3000 (p)
717-892-1200 (f)
(PMC/Class Counsel – Subclass 1a)

John M. Restaino, Jr., Esquire
Lopez, Hodes, Restaino, Milman & Skikos
450 Newport Center Drive
2nd Floor
Newport Beach, CA 92660
949-640-8222 (p)
949-640-8294 (f)
(PMC)

Ms. Deborah A. Hyland
Plaintiffs' Management Committee
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
215-629-3919 (p)
215-629-3998 (f)
215-923-1153 (f)
(PMC)

Richard Lewis, Esquire
Cohen Milstein Hausfeld Toll & Toll
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005-3934
202-408-4600 (p)
202-408-4699 (f)
(Class Counsel -- Subclass 1b)

Gene Locks, Esquire
Locks Law Firm
1500 Walnut Street
20th Floor
Philadelphia, PA 19102
215-893-3434 (p)
215-893-3415 (f)
(Class Counsel)

J. Michael Papantonio, Esquire
Levin, Papantonio, Thomas, Mitchell, Eschner,
Procter & Papantonio P.A., P.C.
316 Baylen Street
Pensacola, FL 32501
850-435-7079 (p)
850-436-6079 (f)
(PMC)

Daryl S. Tschirn, Esquire
7825 Fay Avenue
Suite 320
La Jolla, CA 92037
949-640-8222 (p)
949-454-0980 (f)
(PMC)

Sol H. Weiss, Esquire
Anapol Schwartz Weiss Cohan Feldman & Smalley
1900 Delancey Place
Philadelphia, PA 19103
215-735-1130 (p)
215-735-2211 (f)
(Class Counsel)

Richard Wayne, Esquire
Strauss & Troy
The Federal Reserve Building
150 East 4th
Cincinnati, OH 45202-4018
513-261-2120 (p)
513-241-8259 (f)
(Class Counsel -- Subclass 3)

Mark W. Tanner, Esquire
Feldman Shepherd & Wohlgelernter
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300 (p)
215-567-8333 (f)
(Class Counsel -- Subclass 2a)

R. Eric Kennedy, Esquire
Weisman Goldberg Weisman & Kaufman
1600 Midland Building
101 Prospect Avenue West
Cleveland, OH  44115
216-781-1111 (p)
216-781-6747 (f)
(Class Counsel -- Subclass 2b)

David Siegel, Esquire
Susman Godfrey
1000 Louisiana St, Suite 5100
Houston, TX 77002-5096
713-653-7806 (p)
713-654-3376 (f)

Peter G. Resnik, Esquire
McDermott Will & Emery
28 State Street, 34th Floor
Boston, MA  02109
617-535-4000 (p)
617-535-3800 (f)

J. Clayton Undercofler, Esquire
Saul Ewing LLP
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, PA  19102
215-972-7777 (p)
215-972-1927 (f)

Bruce S. Haines, Esquire
Hangley Aronchick Segal & Pudlin, P.C.
One Logan Square, 27th Floor
Philadelphia, PA  19103-6933
215-568-6200 (p)
215-568-0300 (f)

Kip A. Petroff, Esquire
Petroff & Associates
3838 Oak Lawn Avenue
Dallas, TX 75219
214-526-5300 (p)
214-526-0065 (f)

Charles R. Parker, Esquire
Locke Laddel & Sapp LLP
600 Travis Street
3400 Chase Tower
Houston, TX  77002
713-226-1200 (p)
713-223-3717 (f)
(Class Counsel)

Edward W. Madeira, Jr., Esquire
Pepper Hamilton, LLP
300 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
215-981-4000 (p)
215-981-4750 (f)

Edward S. Weltman, Esquire
Goodwin Proctor LLP
599 Lexington Avenue, 30th Floor
New York, NY 10022
212-813-8800 (p)
212-355-3333 (f)

Karl E. Seib, Jr., Esquire
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10035
212-336-2000 (p)
212-336-2222 (f)

Ellen A. Presby, Esquire
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Dallas, TX 75215
214-521-3605 (p)
214-520-1181 (f)

George M. Fleming, Esquire
Fleming & Associates, LLP
1330 Post Oak Boulevard
Suite 3030
Houston, TX
713-621-7944 (p)
713-621-9638 (f)

Edward F. Blizzard, Esquire
Blizzard, McCarthy & Nabers, LLP
440 Louisiana, Suite1710
Houston, TX 77017-5001
713-844-3750 (p)
713-844-3755 (f)

Robert C. Buck, Esquire
Childers, Buck & Schlueter, LLP
260 Peachtree Street, NW
Suite 1601
Atlanta, Georgia 30303
404-419-9500 (p)
404-419-9501 (f)

Rebecca Arch, Esquire
Ashcraft & Gerel, LLP
Suite 400
2000 L. Street
Washington, D.C. 20036
202-783-6400 (p)
202-416-6392 (f)

Wayne Spivey, Esquire
Shrager, Spivey, Sachs & Weinstock
Two Commerce Square
32nd Floor
Philadelphia, PA 19103
215-568-7771 (p)
215-568-7495 (f)

Paul J. Napoli, Esquire
Mario D'Angelo, Esquire
Hariton & D'Angelo in association with
Napoli, Kaiser & Bern, LLP
3500 Sunrise Highway, Suite T-207
Great River, NY 11739
800-683-0852 (p)
212-513-7320 (f) for Mr. Napoli
631-224-9247 (f) for Mr. D'Angelo

B. Ray Zoll, Esquire
Zoll & Tycksen, L.C.
5300 South 360 West, Suite 360
Murray, UT 84123
801-685-7800 (p)
801-685-7808 (f)

Michael J. Miller, Esquire
Miller & Associates
105 N. Alfred Street
Alexandria, VA 22314
703-519-8080 (p)
703-519-8084 (f)

Jerry Alexander, Esquire
Alexander & Associates, P.C. L.L.O.
Historic Inns of Court Building
619 N. 90th Street
Omaha, NE 68114
402-390-9339 (p)
402-390-9383 (f)

Robert E.J. Curran, Esquire
Curran & Byrne, P.C.
606 E. Baltimore Pike
P.O. Box 30
Media, PA 19063
610-565-4322 (p)
610-565-9531 (f)

Abraham C. Reich, Esquire
Stephanie Resnick, Esquire
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market Street
10th Floor
Philadelphia, PA 19103-3291
215-299-2090 (p)
215-299-2150 (f)

Michael Y. Saunders, Esquire
Theresa A. Lynn, Esquire
Helm, Pletcher, Bowen & Saunders, LLP
2929 Allen Parkway, Suite 2700
Houston, TX 77019
713-522-4550 (p)
713-834-3195 (f)

William R. Robb, Esquire
Aleshire, Robb & Sivils P.C.
905 St. Louis, Suite 1600
Springfield, MO 65806
417-869-3737 (p)
417-869-5678 (f)

Michael D. Hepperly, Esquire
Michael D. Hepperly Law Office, Chtd.
310 W. Central, Suite 103
Wichita, KS 67202
316-267-5330 (p)
316-267-6589 (f)

Richard D. Vandever, Esquire
Richard D. Vandever, LLC
9229 Ward Parkway, Suite 107
Kansas City, MO 64114
816-523-2205 (p)
816-523-8258 (f)

W. Dirk Vandever, Esquire
The Popham Law Firm, P.C.
323 W. 8th Street
Kansas City, MO 64105
816-221-2288 (p)
816-221-3999 (f)

Paul S. Obetz, Esquire
Bartimus, Frickleton, Robertson & Obetz, PC
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300 (p)
913-266-2366 (f)

Brian K. Balser, Esquire
Brian K. Balser Co., LPA
5311 Meadow Lane Court, Suite 1
Elyria, OH 44035
440-934-0044 (p)
440-934-0050 (f)

David G. Summers, Esquire
Aaron C. Johnson, Esquire
717 Thomas Street
Weston, MO 64098
816-640-9940 (p)
816-386-9927 (f)

Lon Walters, Esquire
The Oldham Building
105 E. 5th Street
Suite 401
Kansas City, MO 64106
816-472-1400 (p)
816-472-4433 (f)

Steve Stewart, Esquire
Levin & Krasner, P.C.
500 Summit Tower
Eleven Greenway Plaza
Houston, TX 77046-1196

William P. Bryan, Esquire
1346 Main Street
Baton Rouge, LA 70802

J. Scott Bertram, Esquire
The Bertram Law Firm
9229 Ward Parkway, Suite 107
Kansas City, MO 64114
816-523-2205 (p)
816-523-8258 (f)

Timothy M. Bates, Esquire
Slakter Law Firm, LLP
7502 Greenville Avenue, Suite 500
Dallas, TX 75231
214- 890-9275 (p)
214-890-9279 (f)

James W. Jeans, Esquire
2619 West 6th Street
Suite D
Lawrence, KS 66049
785-842-1138 (p)
785-865-2966 (f)

Stephen A. Cor, Esquire
Thomas E. Mellon, Esquire
Mellon, Webster & Shelly
87 North Broad Street
Doylestown, PA 18901
215-348-7700 (p)
215-340-0171 (f)

Scott B. Frenkel, Esquire
Frenkel & Frenkel, LLP
5489 Blair Road, Suite 200
Dallas, TX 75231-4150


McKay Chadwell, PLLC
600 University Street
Suite 1601
Seattle, WAS 98101

Eric N. Roberson, Esquire
The Law Office of Patrick J. Mulligan, P.C.
2911 Turtle Creek Boulevard
Suite 900
Dallas, TX 75219
214-219-9779 (p)
214-520-8789 (f)


Michael L. Hodges, Esquire
13420 Sante Fe Trail Drive
Lenexa, KS 66215

Kent Clay, Esquire
Clay & Crow
12222 Merit Drive, Suite 1710
Dallas, TX 75251
972-980-4081 (p)
972-980-4099 (f)


John E. Williams, Esquire
Williams Bailey Law Firm
8441 Gulf Freeway
Suite 600
Houston, TX 77017-5001
713-230-2200 (p)
713-643-6226 (f)

N. Albert Bacharach, Jr., Esquire
Law Offices of  N. Albert Bacharach, Jr., Esquire
115 NE 6th Ave.
Gainesville, Florida  32601-3416
(352)378-9859 (p)


John Arthur Eaves, Esquire
John Arthur Eaves, Jr., Esquire
Eaves Law Firm
105 North State Street
Jackson, MS 39201
601-355-7770 (p)
601-355-7776 (f)

Joseph L. Tucker, Esquire
K. Stephen Jackson, PC
Black Diamond Building
2229 First Avenue North
Birmingham, AL 35203
205-252-3535 (p)
205-252-3536 (f)

Merrida Coxwell, Esquire
Coxwell & Associates, PLLC
500 State St.
Jackson, MS 39201
601-948-1600 (p)
601-948-7097 (f)

Scott McKnight, Esquire
Cort DeHart, Esquire
Craig Crockett, Esquire
McKnight, DeHart & Crockett, LLP
1320 South University Dr., Suite 804
Forth Worth, TX 76107
817-810-0400 (p)
817-810-0499 (f)

Jesse F. Ferrer, Esquire
Joe Poirot, Esquire
Ferrer, Poirot & Wansbrough, PC
2603 Oak Lawn Ave.
Dallas, TX 75219
214-523-0201 (p)
214-522-3804 (f)

Lynn Seithel Jekel, Esquire
Motley Rice, LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9134 (p)
843-216-9430 (f)

Mark Goldberg, Esquire
Deborah Kerr, Esquire
Goldberg & Osborne
915 West Camelback Rd.
Phoenix, AZ 85013
602-234-1111(p)
602-808-6799 (f)

James A. Morris, Jr., Esquire
Provost & Umphrey LLP
P.O. Box 4905
Beaumont, TX 77704
409-835-6000 (p)
409-838-8612 (f)

C. L. Mike Schmidt, Esquire
The Schmidt Firm
8401 North Central Expressway, Suite 880
Dallas, TX 75225
214-521-4898 (p)
214-521-9995 (f)

James D. Shannon, Esquire
Renee C. Harrison, Esquire
Cheryl M. Lang, Esquire
Elise B. Munn, Esquire
Shannon Law Firm, PLLC
100 West Gallatin St.
Hazlehurst, MS 39083
601-894-2202 (p)
601-894-5033 (f)

Thomas N. Thurlow, Esquire
Robert Barringer, Esquire
Thurlow & Associates, PC
2300 Lyric Centre Building
440 Louisiana St., Suite 1200
Houston, TX 77002
713-224-2057 (p)
713-237-0184 (f)

Carroll Ingram, Esquire
Ingram & Associates, PLLC
211 South 29th Avenue
Hattiesburg, MS 39401
601-261-1385 (p)
601-261-1393 (f)

Schlichter, Bogard & Denton
100 South 4th Street, Suite 900
Saint Louis, MO 63102
314-621-6115 (p)
314-621-7151 (f)

Franklin D. Azar & Associates
14426 East Evans Avenue
Aurora, CO 80014
303-757-3300 (p)
303-757-3206 (f)

Steven L. Friedman, Esquire
John J. Higson, Esquire
Dilworth Paxson, LLP
3200 Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
215-575-7000 (p)
215-575-7200 (f)

Mark A. Buck, Esquire
Fairchild & Buck, PA
5851 S.W. 29th Street
Topeka, KS 66614
785-235-2200 (p)
785-235-8950 (f)

Mike O'Brien, PC
1330 Post Oak Boulevard, Suite 2960
Houston, TX 77056
713-222-0088 (p)
713-222-0888 (f)

Michael P. McGartland, Esquire
McGartland & Borchardt
University Center 1, Suite 500
1300 South University Drive
Fort Worth, TX 76107
817-332-9300 (p)
817-332-9301 (f)

Gary D. McCallister & Associates
29 South LaSalle Street, Suite 1210
Chicago, IL 60603
312-345-0611 (p)
312-345-0612 (f)

Ronald M. Meneo, Esquire
Early, Ludwick, Sweeney, LLC.
One Century Tower
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866
203-777-7799 (p)
203-785-1671 (f)

Kimberly L. Woodland, Esquire
Love, Willingham, Peters, Gilleland &
Manyak, LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 2200
Atlanta, GA  30308
404-607-0100 (p)
404-607-0465 (f)

Riley L. Burnett, Jr., Esquire
Johnson, Burnett & Chang, LLP
5005 Roverway, Suite 250
Houston, TX  77056-3017
713-626-9336 (p)
713-626-3394 (f)

A. Craig Eiland, PC
2423 Market Street, Suite 1
Galveston, TX 77550
409-763-3260 (p)
409-763-8154 (f)

Fibich, Hampton, Leebron & Garth, LLP
1401 McKinney, Suite 1800
Houston, TX 77010
713-751-0025 (p)
713-751-0030 (f)

Euler Law Offices, LLP
137 S. Main
P.O. Box 326
Troy, KS 66087
785-985-3561 (p)
785-985-2322 (f)

Barker, Leon, Fancher, & Matthys, LLP
555 North Carancahua, Suite 1200
Tower II
Corpus Christi, TX 78478
361-881-9217 (p)
361-882-9437 (f)

Cynthia K. Garrett, Esquire
Cynthia K. Garrett Law Firm
P.O. Box 9250
Tulsa, OK 74157
918-584-0070 (p)
918-584-4342 (f)

Tony Martinez, Esquire
Martinez, Barrera y Martinez, LLP
1201 East Van Buren
Brownsville, TX 78520
956-546-7159 (p)
956-544-0602 (f)

Keith M. Jensen, Esquire
Law Offices of Keith M. Jensen, PC
2929 Morton Street
Fort Worth, TX  76107
817-334-0762 (p)
817-334-0110 (f)

Paul K. Loyacono, Esquire
Verhine & Verhine, PLLC
1015 Adams Street
Vicksburg, MS 39181
601-638-8282 (p)
601-638-8296 (f)

O'Quinn, Laminack & Pirtle
2300 Lyric Centre Building
440 Louisiana Street
Houston, TX 77002
713-223-1000 (p)
713-222-6903 (f)

Davis, Saperstein & Solomon, P.C.
375 Cedar Lane
Teaneck, NJ 07666
201-907-5000 (p)
201-692-0444 (f)

Randall W. Morley, Esquire
The Law Offices of Randall W. Morley
315 North Broadway
North Little Rock, AK 72114
501-372-4314 (p)
501-375-3045 (f)

Michael Heygood, Esquire
Heygood, Orr & Reyes, LLP
909 Lake Carolyn Parkway, 17th Floor
Irving, TX 75039
817-633-2800 (p)
817-633-3988 (f)

Hackard & Holt Law Firm
11335 Gold Express Dr.
Suite 155
Gold River, Ca 95670