```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/    )
FENFLURAMINE/DEXFENFLURAMINE)      )   MDL NO. 1203
PRODUCTS LIABILITY LITIGATION      )
_____)
                                   )
THIS DOCUMENT RELATES TO:          )
                                   )
SHEILA BROWN, et al.               )
                                   )
         v.                        )   CIVIL ACTION NO. 99-20593
                                   )
AMERICAN HOME PRODUCTS             )
CORPORATION                        )
```

**MEMORANDUM AND PRETRIAL ORDER NO. \_\_\_\_**

Bartle, C.J.                                          October 5, 2007

      Before the court is the motion of Leonora Stammen ("Ms. Stammen") to be deemed timely registered under the Diet Drug Nationwide Class Action Settlement Agreement ("Settlement Agreement") with Wyeth.[1]  Ms. Stammen failed to submit her Blue Registration Form to the AHP Settlement Trust (the "Trust") before May 3, 2003, the deadline to register for benefits.  She maintains, however, that her delay was due to "excusable neglect."

                                            I.

      According to Ms. Stammen's motion and accompanying affidavits, on April 21, 2003, her attorney, Joseph Simon,

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation.

Esquire, filed an Intermediate Opt-Out Form on her behalf.[2] Shortly thereafter, Mr. Simon discovered that Ms. Stammen did not qualify as an Intermediate Opt-Out because she had been diagnosed as FDA positive prior to September 30, 1999.[3] Mr. Simon, therefore, sent to Ms. Stammen by overnight mail a Blue Form[4] and Section One of the Green Form[5] and requested that she return the executed forms in an enclosed overnight mail envelope. Mr. Simon received the executed forms on May 2, 2003. In addition, Mr. Simon requested that claimant execute a Request to Revoke Intermediate Opt-Out Form and mail the form directly to Wyeth prior to May 2, 2003. In a letter dated June 25, 2003, Wyeth acknowledged receipt of Ms. Stammen's revocation of her Intermediate Opt-Out rights.

---

2. Class Members who properly exercise an Intermediate Opt-Out may sue Wyeth for compensatory damages, subject to certain restrictions in the Settlement Agreement. See Settlement Agreement § IV.D.3.c.

3. Class Members were ineligible to exercise an Intermediate Opt-Out if they had been diagnosed by a Qualified Physician as FDA Positive by an Echocardiogram performed between the commencement of Diet Drug use and September 30, 1999. See Settlement Agreement §§ II.C.2.(a), 2.(b), 3 & IV.D.3.a.

4. The Blue Form is one of the registration forms available to Class Members to register for Matrix Compensation Benefits with the Trust. The deadline for submitting the form was May 3, 2003. See Pretrial Order ("PTO") No. 3253 (Feb. 12, 2004).

5. Under the Settlement Agreement, Class Members are required to complete the Green Form, in addition to the Blue Form, to receive Matrix Compensation Benefits from the Trust. See Settlement Agreement § VI.C.2.

According to an affidavit by Christina Gibbons, a paralegal working for Mr. Simon, she prepared Ms. Stammen's Blue and Green Forms for mailing on May 2, 2003. Included with the executed forms was a cover letter, dated May 2, 2003, signed by Mr. Simon.[6] After preparing Ms. Stammen's forms for mailing, the paralegal placed the package face down on the counter surrounding her desk. Both the package and the counter were white. The paralegal was also preparing similar packages containing other claimants' registration forms. As she prepared each claimant's package, the paralegal made a photocopy of the contents. The paralegal placed the other claimants' packages in a stack immediately next to Ms. Stammen's package. Prior to mailing the packages, Mr. Simon reviewed the photocopies to ensure that packages for all claimants had been prepared.

When the paralegal collected the packages to be placed in the firm's mail bin, she overlooked Ms. Stammen's package, which blended in with the white counter, and only picked up the stack of the other claimants' packages. To ensure that the claimants' packages were postmarked on or before May 3, 2003, Mr. Simon then personally delivered the packages to the post office. He did not realize that Ms. Stammen's package had not been placed in the mail bin with the others. As a result, Ms. Stammen's package was not mailed on May 2, 2003. The following day, the

---

6. In support of her assertion that the letter was prepared on May 2, 2003, claimant submitted an affidavit from a computer expert who, after examining the attorneys' computer system, verified that the letter had not been modified since May 2, 2003.

paralegal left for a two-week vacation and did not return until May 19, 2003. Upon her return, the paralegal discovered her error and immediately informed Mr. Simon. Ms. Stammen's forms were mailed to the Trust on May 22, 2003.[7]

On September 13, 2005, the Trust issued Ms. Stammen a Tentative Determination - Notice of Untimely Registration, denying her claim for failure to register by the specified deadline. Ms. Stammen contested the tentative denial of her claim on grounds of excusable neglect. On November 17, 2005, the Trust issued Ms. Stammen a Final Notice of Untimely Registration, again denying her claim based on untimeliness. In response, on December 7, 2005, Ms. Stammen filed the present motion.

II.

The Settlement Agreement approved by this court in Pretrial Order ("PTO") No. 1415 provides strict deadlines for Class Members to seek benefits from the Trust. The Settlement Agreement provides, in part:

> The following Class Members, and only such Class Members, shall be entitled to the compensation benefits from Fund B ("Matrix Compensation Benefits"):
>
> a.  Diet Drug Recipients who have been diagnosed by a Qualified Physician as FDA Positive or as having Mild Mitral Regurgitation by an Echocardiogram performed between the commencement of Diet Drug use and the end of the screening Period and who have registered

---

7. In addition to Ms. Gibbons' affidavit, Ms. Stammen has also provided several other affidavits corroborating these events.

-4-

> for further settlement benefits by Date
> 2 [May 3, 2003] ....

Settlement Agreement § IV.B.1.a. (emphasis added).

The deadlines imposed by the Settlement Agreement may be extended if the movant can show his or her failure to meet the deadlines was due to "excusable neglect." In evaluating excusable neglect, "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 396 (1993). The focus of the excusable neglect analysis is "whether the neglect of [the clients] *and their counsel* was excusable." Id. at 396-97 (emphasis in original).

In In re Orthopedic Bone Screw Prods. Liab. Litig., 246 F.3d 315, 323 (3d Cir. 2001), our Court of Appeals reiterated the Supreme Court's analysis of excusable neglect as set forth in Pioneer. Four factors should be evaluated when deciding whether excusable neglect exists: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer at 395; Bone Screw, 246 F.3d at 322-23. We shall discuss each of these factors in turn.

Under the first prong of Pioneer, we must determine the danger of prejudice to Wyeth should the requested extension be

granted.[8]  See id.  Wyeth argues that granting Ms. Stammen an extension will unduly prejudice Wyeth because it will erode the certainty for which it bargained in negotiating the Settlement Agreement and it would potentially open the floodgates for similar claims.  While the importance of both of these considerations cannot be underestimated, we find that the circumstances surrounding Ms. Stammen's delay are unique and specific to her.  Indeed, Wyeth has not identified any similarly situated individuals.  As such, requiring the Trust to review one additional claim will not be unduly prejudicial to Wyeth.[9]

      Second, we must consider the length of the delay and its effect on judicial proceedings.  Id.  The deadline to register with the Trust was set to give Class Members ample time to complete the necessary forms and submit them to the Trust.  Ms. Stammen submitted her forms nineteen days past the deadline.  This is not a lengthy extension.  Allowing Ms. Stammen a nineteen-day extension under the specific circumstances of her case will not undermine the finality of the Settlement Agreement, nor open the door to other Class Members who are presently time-

---

8.  The Trust did not oppose Ms. Stammen's motion.

9.  We, however, note that the potential prejudice to Wyeth would be quite different if Ms. Stammen was seeking an extension to opt-out of the Settlement Agreement, rather than an extension to be included within the Settlement Agreement.

barred.[10]  Thus, we find the length of the delay to be negligible.

Under the third prong, we must review Ms. Stammen's reason for the delay.  Id.  Ms. Stammen's delay, while within her control, was not an attempt to avoid the strict deadlines for registering.  Instead, Ms. Stammen's attorney, Mr. Simon, made substantial efforts to comply with the registration deadline: (1) he overnighted the forms to Ms. Stammen; (2) he requested that Ms. Stammen revoke her Intermediate Opt-Out prior to May 3, 2003, the deadline for submitting the Blue Form; (3) he reviewed Ms. Stammen's forms for completeness prior to mailing; and (4) he personally delivered the registration packages, which he believed included Ms. Stammen's forms, to the post office.  While Mr. Simon should have ensured that Ms. Stammen's forms were among the packages he mailed, the mistake was an inadvertent clerical error.  We have previously held that clerical errors may provide a basis for excusable neglect.  See PTO No. 6965 (Feb. 12, 2007); see also In re Cendant Corp. Prides Litig., 235 F.3d 176, 183-84 (3d Cir. 2000); Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916, 920 (3d Cir. 1987).

---

10.  In its opposition, Wyeth argues that Ms. Stammen's delay was excessive because she waited two and a half years to request relief from the court.  We disagree.  The Trust did not notify Ms. Stammen that it was denying her claim because it was untimely until September 13, 2005.  In response, Ms. Stammen contested the denial pursuant to the Trust's internal procedures.  After exhausting these procedures, Ms. Stammen promptly filed the present motion.  We decline to fault a claimant for complying with the Trust's internal procedures in hopes that the matter could be resolved without court intervention.

Finally, we find that Ms. Stammen and her attorney acted in good faith. Upon discovering the error, Mr. Simon immediately mailed Ms. Stammen's executed Blue Form to the Trust. He also promptly contested the Trust's denial of Ms. Stammen's claim as soon as he was notified that it had been rejected as untimely. We find that the cause for the delay and the responsive efforts to rectify the error constitute excusable neglect. Accordingly, Ms. Stammen is entitled to an extension of the May 3, 2003 deadline for registering with the Trust, and she is deemed timely registered for purposes of seeking benefits under the Settlement Agreement.

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS (PHENTERMINE/     )
FENFLURAMINE/DEXFENFLURAMINE)       )   MDL NO. 1203
PRODUCTS LIABILITY LITIGATION       )
_____)
                                    )
THIS DOCUMENT RELATES TO:           )
                                    )
SHEILA BROWN, et al.                )
                                    )
         v.                         )   CIVIL ACTION NO. 99-20593
                                    )
AMERICAN HOME PRODUCTS              )
CORPORATION                         )
```

### MEMORANDUM AND PRETRIAL ORDER NO. \_\_\_\_\_

AND NOW, on this 5th day of October, 2007, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of Leonora Stammen to be deemed timely registered under the Settlement Agreement is GRANTED.

BY THE COURT:

/s/ Harvey Bartle III
C.J.