IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | NO. 99-20593 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8266**

Bartle, C.J.                                            August 27, 2009

Before the court is the motion of 36 class members[1] under the Diet Drug Nationwide Class Action Settlement Agreement ("Settlement Agreement") with Wyeth[2] to reconsider or modify Pretrial Order ("PTO") No. 7763A pursuant to Rule 60(b)(1), (2),

---

1. The 36 class members are: Sharon Bridgewater, Betty Brown-Riddle, Virginia Brutto, Dorothy Bryson, Randy Chance, Mary Daley, Bethany Diggs, Nancy Femmer, Lorraine Fengel, Karen George, Viola Gierse, Jeanne Glardon, Diane Greer, Sandi Hanson, Judy Hay, Linda Heddlesten, Deborah Hobart-Olson, Nancy Jines, Glenda Macy, Diane McGath, Anita Myers, Lillian Olsen, Pamela Pickett, Barbara Pipes, Peggy Rogers, Terry Rossell, Ronda Schuchmann, Eldeane Shaffer, Rose Sellers, Linda Smallman, Ritzy Stokesberry, Denise Swanigan, Barbara Thoma, Charlene Todd, Thurma Walters, and Betty Wilson.

2. On March 11, 2002, American Home Products changed its name to Wyeth.

(3) and (6) of the Federal Rules of Civil Procedure.[3] It provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> \* \* \*
>
> (6) any other reason that justifies relief.

Claimants are seeking our reconsideration of PTO No. 7763A dated April 8, 2008, which determined the awards of attorneys' costs and fees in connection with the Settlement Agreement with Wyeth and in connection with the multidistrict litigation involving Wyeth's diet drugs known as "fen-phen." For purposes of making a percentage award, the court estimated the value of the Settlement Agreement as $6,437,211,516 and concluded that the Joint Fee Applicants[4] should receive an amount equal to 6.75% of the estimated value of the Settlement Agreement. The fee award has been distributed to 90 different law firms. It was

---

3. We assume that the claimants intended to refer to PTO No. 7763A, which is the corrected version of PTO No. 7763.

4. The Joint Fee Applicants consisted primarily of the Plaintiffs' Management Committee and Class Counsel for claimants under the Settlement Agreement.

-2-

not until April 8, 2009, a year later that claimants filed this motion for reconsideration or modification of PTO No.7763A. They maintain that the monthly financial reports generated by the AHP Settlement Trust ("Trust") suggest that "hundreds of millions" of the approximately $6.4 billion in settlement funds will not be paid out to class members and, accordingly, attorneys Levin, Fishbein, Sedran & Berman should not collect fees on funds that will not be disbursed.[5] They rely on reports dating from March 31, 2007 through February 28, 2009 detailing the payments made by the Trust and argue that there is a trend toward decreasing payments.[6]

All motions under Rule 60(b) of the Federal Rules of Civil Procedure must be made within a reasonable time. See Fed. R. Civ. P. 60(c)(1). Furthermore, motions made pursuant to reasons (1), (2), and (3) must be made within one year. However, simply because a motion is made within one year does not mean

---

5. Attorney Joseph Simon argues that Levin, Fishbein, Sedran & Berman should be the only law firm whose fees should be withheld and adjusted because otherwise he will be effectively blackballed from the "class action/mass tort world."

6. We note that the claimants' contention that there is a trend toward decreasing payments is flatly refuted by the Declaration of Warren Bruce Bilker, Ph.D., a biostatistician and professor of biostatistics in the Department of Biostatistics and Epidemiology at the University of Pennsylvania School of Medicine. After statistically evaluating the Matrix payments made by the Trust, as published in its Monthly Reports for the period from January of 2007 through March of 2009, he concluded that there "is no reasonable basis to conclude that the monthly payment data of the Trust for the period from January, 2007 through March, 2009 demonstrates a trend towards decreasing Matrix payments over time."

that it is timely. Taylor v. Stewart, No. 96-6643, 2001 WL 872865 *2 (E.D. Pa. July 11, 2001). It is within the court's discretion to determine what constitutes a "reasonable time." Id. Factors such as "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties" inform the determination of a "reasonable time." Id.

Here, the claimants waited an entire year after entry of PTO No. 7763A to file the present motion for reconsideration. They offer no reason for this considerable delay. Furthermore, we can discern no reason given that they had access to much of the information they rely upon to support their motion. In addition to the lengthy and unjustified delay present here, we find that there would be severe prejudice to the 90 different law firms that received their fees and costs pursuant to the PTO No. 7763A if we were to grant reconsideration.

In addition to the fact that this motion is untimely, the claimants have not established: (1) an intervening change in controlling law; (2) availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Accordingly, we will enter an order denying the motion of the claimants to reconsider and/or modify Pretrial Order No. 7763A.