IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | : : : | MDL NO. 1203 |
| SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION, et al. | : : : : : : | CIVIL ACTION NO. 99-20593 |
| THIS DOCUMENT RELATES TO: ANGELA MONTGOMERY v. WYETH, f/k/a AMERICAN HOME PRODUCTS CORP., et al. | : : : : : : : | CIVIL ACTION NO. 06-20008 E.D. TENN. NO. 05-323 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8472**

Bartle, C.J.                                                                     May 12, 2010

     Before the curt is the motion of Angela Montgomery ("Montgomery") to "Enforce Settlement Agreement and for Declaration of Rights and Other Relief."

     Montgomery instituted this lawsuit in Tennessee state court in October, 2005, six months after learning she suffers from Primary Pulmonary Hypertension ("PPH") as a result of ingesting diet drugs. The case was removed to the United States District Court for the Eastern District of Tennessee, which clearly had subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. 1332(a). In February, 2006, the action was transferred to this court for coordinated or

consolidated pretrial proceedings as part of the Diet Drug Multi-District Litigation. Upon completion of pretrial proceedings, it was remanded to the Eastern District of Tennessee in July, 2007. After remand, Wyeth filed a motion for summary judgment alleging that Montgomery's claim was barred by the Tennessee statute of repose, which requires that an action "be brought within one (1) year after the expiration of the anticipated life of the product." Tenn. Code Ann. § 29-28-103(a). The United States District Court in Tennessee held that Montgomery's claim was barred by the statute of repose and granted summary judgment in favor of Wyeth. Montgomery v. Wyeth, 540 F. Supp. 2d 933 (E.D. Tenn. 2008). The Court of Appeals for the Sixth Circuit affirmed the District Court's order on August 28, 2009. Montgomery v. Wyeth, 580 F.3d 455 (6th Cir. 2009). On March 22, 2010, the United States Supreme Court denied Montgomery's Petition for Writ of Certiorari.

Montgomery now seeks to circumvent the final judgment entered against her by the United States District Court in Tennessee by filing in this court a motion to enforce the Nationwide Class Action Settlement of the Diet Drugs Litigation ("Settlement Agreement") and for a declaration of rights and other relief. She seeks a declaration that the Settlement Agreement preserved her right to pursue a PPH claim against the defendants, as well as an order granting her leave to file a complaint here. The District Court in Tennessee and Court of Appeals for the Sixth Circuit have already determined that

plaintiff is barred from bringing such a claim by the Tennessee statute of repose. Under the principle of claim preclusion, the valid and final judgment of the United States District Court for the Eastern District of Tennessee precludes her from raising the same claim a second time. Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999); Walsh v. Quinn, No. 09-3411, 2009 WL 5103544 (3d Cir. Dec. 29, 2009).

Accordingly, we will deny the motion of Angela Montgomery to Enforce the Settlement Agreement and for a Declaration of Rights and Other Relief.