IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| SHEILA BROWN, et al. | ) ) | CIVIL ACTION NO. 99-20593 |
| v. | ) ) | |
| AMERICAN HOME PRODUCTS CORPORATION | ) ) ) | 2:12 MD 1203 |

**MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8636**

Bartle, C.J.                                                April 10, 2011

Before the court is the motion of James B. Kozma ("Mr. Kozma") to have a second echocardiogram reviewed pursuant to the Seventh Amendment to the Diet Drug Nationwide Class Action Settlement Agreement with Wyeth.[1] Based on his original Green Form, Mr. Kozma became a Category One Class Member under the Seventh Amendment. Mr. Kozma did not opt out of the Seventh Amendment and, therefore, he is bound by its terms.

Category One Class Members were required to submit a Relevant Echocardiogram to the Fund Administrator for review.[2]

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation.

2. Relevant Echocardiogram is defined as "the single Echocardiogram on which the Class Member has based a claim that a
(continued...)

Seventh Amendment § XV.B.2. Mr. Kozma submitted an echocardiogram dated March 9, 2002. A participating physician reviewed this echocardiogram and determined that Mr. Kozma had mild mitral regurgitation. As permitted, Mr. Kozma elected to have his echocardiogram reviewed again. Based on this second, blind review, a different participating physician also determined that Mr. Kozma had mild mitral regurgitation. Thus, Mr. Kozma was entitled to receive $2,000 in benefits.[3]

Mr. Kozma seeks to substitute an echocardiogram dated May 11, 2006 for the March 9, 2002 echocardiogram reviewed by the Fund Administrator. The express terms of the Seventh Amendment do not allow for the submission of another echocardiogram under these circumstances. Accordingly, the Fund Administrator properly did not review Mr. Kozma's May 11, 2006 echocardiogram and his request for relief must be denied.

---

2. (...continued)
Diet Drug Recipient had the Matrix Level condition claimed by the Attesting Physician in Part II of the Green Form submitted in support of the Matrix Claim." Seventh Amendment § I.B.59 (emphasis added).

3. If eligible, Mr. Kozma may submit a claim for Matrix Compensation Benefits at Levels III, IV, or V, as defined by the Seventh Amendment, if his condition has worsened and he qualifies at those levels before December 31, 2011 or fifteen years after his last use of diet drugs, whichever date is earlier. Seventh Amendment §§ I.B.30, I.B.64, IX.A.