IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION NO. 99-20593 |

## MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8658

Bartle, J.                                                   July 10, 2011

Cheryl C. Green ("Ms. Green") is a class member under the Diet Drug Nationwide Class Action Settlement Agreement ("Settlement Agreement") with Wyeth.[1] Before the court is the motion of Ms. Green, acting pro se, "to appeal [her] Claim" and "contesting the Seventh Amendment Class Action Suit."

Ms. Green filed her initial Green Form on February 2, 2004. She sought Matrix A, Level I benefits based on severe mitral regurgitation. On January 22, 2008, Ms. Green received a total of $879,179.60 in Category One benefits. Ms. Green later accepted a supplemental payment of $21,795.71 on April 9, 2009.

Ms. Green subsequently filed a supplemental Green Form on January 11, 2007, asserting a claim for Matrix A, Level III

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation.

benefits based on severe mitral regurgitation, moderate aortic regurgitation, and surgery on her aortic and mitral valves. On November 1, 2007, the Trust forwarded Ms. Green's claim for review by an auditing cardiologist. The auditing cardiologist agreed with the Green Form assertions. Based on these findings, Ms. Green's claim was payable on Matrix A, Level III in the amount of $778,577. As this amount was less than the $900,975.31 in benefits that Ms. Green had already received, the Trust denied her claim.

Ms. Green seeks review of her claim and to contest the Seventh Amendment Class Action. She asserts that she is entitled to both Category One and Matrix benefits. Ms. Green demands a trial by jury and $20 million plus interest from Wyeth to compensate her "for ongoing pain and suffering, recent surgery, mental anguish, punitive damages and loss of quality of life."

On August 28, 2000, this court approved the Settlement Agreement and certified a class of all persons in the United States, including their representatives and dependents, who had ingested Pondimin, Redux or both of the diet drugs. See PTO No. 1415 at ¶¶ 7, 10 (Aug. 28, 2000). The Settlement Agreement was binding on all class members who did not opt out. Id.

In March, 2005, the Settlement Agreement was amended in response to concerns that Wyeth's funding obligations would be exhausted prior to payment of all valid claims and to deal with the procedural difficulties of administering the overwhelming number of claims. See PTO No. 4567 (March 15, 2005). Under the

Seventh Amendment, Wyeth agreed to create a Supplemental Class Settlement Fund of an additional $1.275 billion under which a new Fund Administrator undertook to review and pay unresolved Matrix Level I and II claims.  Class Members were given notice of the Amendment and an opportunity to opt out.  Upon Final Judicial Approval of the Seventh Amendment, the rights of Category One and Category Two Class Members relating to Matrix Compensation benefits were terminated except as otherwise provided for by the Seventh Amendment.  See Seventh Amendment, § XI.B.

Ms. Green did not opt out of the Settlement Agreement and therefore is bound by its terms.  See PTO No. 1415 at ¶¶ 7, 10.  In addition, despite notice and an opportunity to do so, Ms. Green did not opt out of the Seventh Amendment to the Settlement Agreement.  Seventh Amendment § III.A.1.  The Seventh Amendment clearly provides that Matrix progression claim "payments to Category One or Category Two Class Members would be reduced by any payment that person had previously received." Seventh Amendment Notice Part II at 15; see also Seventh Amendment § IX.A.2.

Ms. Green has already received the benefits to which she is entitled under the Settlement Agreement for a Matrix A, Level III claim.  She may not now obtain benefits from Wyeth through a jury trial that are barred by the Settlement Agreement.

Accordingly, the motion of Ms. Green for review of her claim and to contest the Seventh Amendment will be denied.