IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION NO. 99-20593 |
| CLAIMANT: GRACE ERDMAN | |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 9061

Bartle, J.                                            May 14, 2013

This supplemental memorandum is being filed in further support of our Pretrial Order No. 9061 dated May 9, 2013.

In her motion to compel the AHP Settlement Trust to process her claim, Grace Erdman asserts that her 1999 New Jersey state court lawsuit "had to be dismissed under the terms of the Settlement Agreement." Section VIII.C(5) of the Class Action Settlement Agreement ("Settlement Agreement") provides:

> Upon Final Judicial Approval, the Class Counsel and all Class Members shall cooperate with AHP and any other Released Party to cause the dismissal, with prejudice and without costs, of any action against AHP or any Released Party asserting a Settled Claim brought by or on behalf of any Class Member who has not timely and properly exercised an Initial Opt-Out right, including but not limited to class actions, whether or not certified as such, which are pending in any

> state, federal, or territorial court. Upon
> Trial Court Approval, the Class Counsel and
> all such Class Members shall cooperate with
> AHP and any other Released Party to cause
> further proceedings in all such settled
> actions in which the Class Members did not
> timely and properly opt out to be stayed
> pending Final Judicial Approval [emphasis
> added].

Section VIII.C(5) thus requires class members to dismiss any pending lawsuit with prejudice once Final Judicial Approval of the Settlement Agreement has taken place. Final Judicial Approval did not occur until January 3, 2002. Ms. Erdman, however, dismissed her state court action with prejudice on January 19, 2001, nearly a year before Final Judicial Approval. While dismissal occurred subsequent to the August 28, 2000 Trial Court approval date, there was no requirement that the case be dismissed at the time she did so.

During the time period after Trial Court approval but before any Final Judicial Approval, class members were simply to cooperate with AHP to stay but not dismiss any pending lawsuit. If the Settlement Agreement had directed claimants to dismiss their state court claims with prejudice before Final Judicial Approval, claimants would have been without recourse if Final Judicial Approval failed to take place or the terms of the Settlement Agreement were significantly modified. Staying a claimant's state court claim pending Final Judicial Approval avoided this problem. Under the Settlement Agreement, only claimants who dismissed their lawsuits after Final Judicial Approval remained part of the Class. As such, we disagree with

Ms. Erdman's contention that she simply acted in conformity with the requirements of the Settlement Agreement when she dismissed her claim prior to Final Judicial Approval.

The Stipulation of Dismissal of Ms. Erdman's New Jersey lawsuit, signed by plaintiff's prior counsel and counsel for AHP, states that the matter was "amicably adjusted" and that all claims are dismissed with prejudice. The dismissal, with prejudice, of a New Jersey state court action amounts to a judgment on the merits. Velasquez v. Franz, 589 A.2d 143, 148 (N.J. 1991). Section II.B. of the Settlement Agreement excludes from the Class those individuals whose claims have been resolved by "judgment on the merits." Only upon Final Judicial Approval may a class member proceed to obtain benefits under the Settlement Agreement provided the class member then dismissed his or her lawsuit with prejudice. See Section VIII.A.(1), C, and D. Ms. Erdman, however, relinquished her status as a class member when she dismissed her lawsuit with prejudice before Final Judicial Approval when the Settlement Agreement became effective. Consequently Ms. Erdman is barred, pursuant to § II.B of the Settlement Agreement, from obtaining benefits under that Agreement.

BY THE COURT:

_____ J.