IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: SHEILA BROWN, et al. v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION NO. 99-20593 2:16 MD 1203 |

MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 9077

Bartle, J.                                            May 29, 2013

      Karen L. Clark is a class member under the Diet Drug Nationwide Class Action Settlement Agreement ("Settlement Agreement") with Wyeth.[1] She submitted a supplemental claim for Matrix Compensation Benefits to the AHP Settlement Trust seeking benefits at Matrix A, Level V. The Trust denied her claim following an audit. Ms. Clark appealed through the Show Cause process, which is governed by the Audit Rules approved by this Court in Pretrial Order ("PTO") No. 2807. Pursuant to Audit Rule 30, following briefing of this matter in the Show Cause process, the court appointed a Technical Advisor to review the Special

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation ("AHP"). In 2009, Pfizer, Inc. acquired Wyeth.

Master record and prepare a report for the court setting forth his opinions regarding the issues in dispute in audit.

Before the court are the objections of Ms. Clark to the court's appointment of a Technical Advisor and her motion to close the Show Cause record. According to the claimant, a Technical Advisor is unnecessary for the show cause process and will not aid the court to understand the technical issues involved.

It is within the discretion of this court to appoint a Technical Advisor to aid it in resolving technical issues where conflicting expert opinions exist. See Reilly v. United States, 863 F.2d 149, 158 (1st Cir. 1988); PTO No. 9054 at n.9. As the Trust notes, this court routinely makes use of a Technical Advisor in reaching its decision in Show Cause claims. In the instant case, there are conflicting expert opinions. Ms. Clark stresses that while just one expert supports the Trust's denial of her claim, five experts support her position. Ms. Clark further argues that a Technical Advisor is unnecessary because she has already met her burden of demonstrating a reasonable medical basis for her attesting physician's findings. However, a claimant cannot establish a reasonable medical basis for a claim simply by offering the opinions of multiple experts. See Memorandum in Support of PTO No. 8505 at n.16.

Audit Rule 26 provides that a claimant may state her position on the appointment of a Technical Advisor in her response to the Trust's statement of the case during the Show

Cause briefing period. Thus, while Ms. Clark was permitted to object to the appointment of a Technical Advisor prior to the court's decision to appoint one, we know of no PTO or other authority, nor does Ms. Clark cite to any, which permits a claimant to contest the court's decision after the fact.

Finally, contrary to Ms. Clark's assertions, the appointment of a Technical Advisor does not prejudice her. While she will not be permitted to file an additional expert report subsequent to the Technical Advisor's review, she may, aided by her experts, respond to the Technical Advisor's report if it is contrary to her position. See Audit Rule 34.