IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (Phentermine/Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: | |
| SHEILA BROWN, *et al.*, | |
| Plaintiffs, | |
| v. | |
| AMERICAN HOME PRODUCTS CORPORATION, | Civil Action No. 99-20593 |
| Defendant. | |

**STIPULATION AND PRETRIAL ORDER NO. _____**

Subject to the approval of the Court, this Stipulation is entered into on August 2, 2023, by and among Wyeth, a Delaware Corporation ("Wyeth"), Class Counsel for the Settlement Class as defined in the November 18, 1999 Nationwide Class Action Settlement Agreement, as amended ("Settlement Agreement") and Martin Rudolph, Ninth Amendment Trustee of the AHP Settlement Trust ("Trustee").

**ARTICLE I: RECITALS**

**1.01**. **Establishment of the Trust.** The Settlement Agreement and the May 19, 2005 Amended and Restated Trust Agreement ("Amended Trust Agreement") designate the AHP Settlement Trust as the entity to receive funds from Wyeth and to utilize those funds to provide benefits to Class Members under the terms of the Settlement Agreement and to pay costs of administering the provision of such benefits and other obligations of the Trust.

**1.02. The Eleventh Amendment**. On July 11, 2023, after consideration of the joint Motion filed by Class Counsel and Wyeth, the Court granted preliminary approval of the Eleventh Amendment to the Settlement Agreement ("Eleventh Amendment") and of a notice to affected Class Members. The Eleventh Amendment, if finally approved, will replace the AHP Settlement

Trust and its Trustee with BrownGreer PLC as Claim Administrator to process all Claims for incremental Matrix compensation under the Settlement, subject to the supervision of and right of Class Members to appeal to the Court.

**1.03.  Purpose of this Stipulation**. Wyeth, Class Counsel and the Trustee desire to work cooperatively to ensure a smooth transition in the implementation of the Eleventh Amendment, if finally approved and the discharge of the Trustee.

## ARTICLE II: DEFINITIONS

Whenever used in this Stipulation, the following words and phrases shall have the meanings ascribed to them in this Article II.

**2.01.  Incorporation of Settlement Agreement Definitions.**  The capitalized terms used in this Stipulation that are defined terms in the Settlement Agreement shall have the meanings as defined and set forth in the Settlement Agreement.

**2.02  Incorporation of Definitions in the Amended and Restated Trust Agreement.** The capitalized terms used in this Stipulation that are defined terms in the Amended Trust Agreement shall have the meanings defined and set forth in the Amended Trust Agreement.

**2.03  Incorporation of Definitions in the Eleventh Amendment**.  The capitalized terms used in this Stipulation that are defined terms in the Eleventh Amendment shall have the meanings defined and set forth in the Eleventh Amendment.

**2.04  Effective Date of Stipulation**. This Stipulation will become effective upon the Effective Date of the Eleventh Amendment.

## ARTICLE III. ESSENTIAL TERMS

**3.01.  Discharge of the Trustee:** The Trustee will file an application for discharge pursuant to Section 4.15 of the Amended Trust Agreement and this Stipulation. Wyeth and Class Counsel will not oppose the discharge of the Trustee.

**3.02.  Continuation of Indemnity of the Trustee:**  Section 4.09 of the Amended Trust Agreement imposes a contractual indemnity obligation on the Trust. If the Eleventh Amendment is approved by the Court and that approval becomes final, on the Effective Date all obligations of the Trust, including, the indemnity of the Trustee under Section 4.09 will transfer to the Claim Administrator to be paid, in the event of a claim against the Trustee, from the Settlement Fund as a contractual obligation of the Trust to which the Claim Administrator will succeed under Section II.B.2 of the Eleventh Amendment and Section II.C.3 of the Eleventh Amendment Class Counsel and Wyeth will so stipulate to the Court.

**3.03.   Insurance.** The Trustee agrees to forego the renewal of Errors & Omissions and Director and Officer Liability Insurance when the respective current terms of which expire and not

to oppose actions by the Claim Administrator to cancel such policies and obtain rebate of unearned premiums.

**3.04. Partial Year 2023 Audited Financial Statement:** The requirement in Section 4.15 of the Amended Trust Agreement of the filing of a partial year audited financial statement in connection with a request by the Trustee for discharge is a matter of contract among Class Counsel and Wyeth and the Trust. Class Counsel, Wyeth, and the Trustee agree to forego the requirement for an audited financial statement for the partial year period during 2023 because the cost of audit for a partial year outweighs any benefit. Class Counsel and Wyeth will so stipulate to the Court.

**3.05. Notice of Application for Discharge of Trustee:** Wyeth, Class Counsel and the Trustee agree that given the notice already provided to affected Class Members of the Eleventh Amendment, that notice of the filing of an application for discharge of the Trustee on the docket and on the website of the AHP Settlement Trust is adequate. Class Counsel and Wyeth will so stipulate to the Court.

## ARTICLE IV: GENERAL PROVISIONS

**4.01. Demands, Notices and Communications.** All formal demands, notices and communications by and among Wyeth, Class Counsel, and the Trust shall be in writing and shall be deemed to have been properly given when received. Any notice or other communication made pursuant to this Stipulation shall be sent, as applicable, to the Persons listed below at the addresses set forth below. Wyeth, Class Counsel and the Trust or Trustee may each change its designated recipient and/or its address by written notice to the others.

If to Wyeth, to:

Theodore V. H. Mayer, Esquire
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY 10004-1482

Kevin Cline, Esquire
Arnold & Porter Kaye Scholer, LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743

If to Class Counsel, to:

Arnold Levin, Esquire
Laurence Berman, Esquire
Levin, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

>Michael D. Fishbein, Esquire
>1706 Rittenhouse Square, No. 1201
>Philadelphia, PA 19103

If to Trustee, to:

>Jules S. Henshell
>Semanoff Ormsby Greenberg & Torchia
>2617 Huntingdon Pike
>Huntingdon Valley, PA 19006

**4.02.** **Severability.** Should any provision of this Stipulation be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Stipulation.

**4.03.** **Headings.** The headings used in this Stipulation are inserted for convenience only and shall not affect the construction of any provisions of this Stipulation.

**4.04.** **Amendment.** This Stipulation may be amended only by written agreement signed by all the parties hereto.

**4.05.** **Termination.** This Stipulation shall terminate if Final Judicial Approval of the Eleventh Amendment does not occur or if the Court does not approve of this Stipulation.

IN WITNESS WHEREOF, the parties have each executed this Transition Agreement, as of the date set forth next to each of the names below.

**WYETH**

_____  Date: August 3, 2023
Theodore V. H. Mayer
Hughes Hubbart & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

_____  Date: August 3, 2023
Kevin Cline, Esq.
Arnold & Porter Kaye Scholer, LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743

**CLASS COUNSEL**

_____  Date: _____
Arnold Levin, Esquire
Laurence Berman, Esquire
Levin, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

_____  Date: 8/3/2023
Michael D. Fishbein, Esquire
1706 Rittenhouse Square, No. 1201
Philadelphia, PA 19103

**TRUSTEE**

_____  Date: _____
Martin Rudolph

**APPROVED AND SO-ORDERED:**

_____  Date: _____
Hon. Harvey Bartle, III, United States District Judge

5

IN WITNESS WHEREOF, the parties have each executed this Transition Agreement, as of the date set forth next to each of the names below.

**WYETH**

_____   Date: _____
Theodore V. H. Mayer
Hughes Hubbart & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

_____   Date: _____
Kevin Cline, Esq.
Arnold & Porter Kaye Scholer, LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743

**CLASS COUNSEL**

_____/s/_____   Date: 8/2/23
Arnold Levin, Esquire
Laurence Berman, Esquire
Levin, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106

_____   Date: _____
Michael D. Fishbein, Esquire
1706 Rittenhouse Square, No. 1201
Philadelphia, PA 19103

**TRUSTEE**

_____/s/_____   Date: 8/2/23
Martin Rudolph

**APPROVED AND SO-ORDERED:**

_____   Date: _____
Hon. Harvey Bartle, III, United States District Judge

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Stipulation and Pretrial Order was filed electronically this 8th day of August, 2023 and is available for viewing and downloading from the ECF System of the United States District Court for the Eastern District of Pennsylvania.

    /s/ Kevin Cline
Kevin Cline
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001-3743
(202) 942-6651