```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                  :
(PHENTERMINE/FENFLURAMINE/         :      MDL NO. 1203
DEXFENFLURAMINE) PRODUCTS          :
LIABILITY LITIGATION               :
                                   :
THIS DOCUMENT RELATES TO:          :
                                   :
SHELIA BROWN, et al.               :      CIVIL ACTION
                                   :
       v.                          :
                                   :      NO. 99-20593
AMERICAN HOME PRODUCTS             :
CORPORATION                        :
```

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 9576

Bartle, J.                                          March 4, 2024

        This is a further proceeding in this massive class action settlement arising out of claims against Wyeth related to the marketing of its Diet Drugs Pondimin and Redux which plaintiffs alleged to have caused their valvular heart disease.

        Before the court is the joint petition of class counsel Michael D. Fishbein, Esq. and the law firm of Levin, Sedran & Berman, LLP for an award of counsel fees relating to work performed from March 25, 2022 through December 31, 2023 in conceiving, designing, negotiating, drafting and obtaining judicial approval of the Eleventh Amendment to the Class Action Settlement Agreement ("Eleventh Amendment") as well as for responding to requests to the Claim Administrator and assisting unrepresented claimants as set forth in Section II.S.3. of the

Eleventh Amendment.  They seek a total of $408,137.50 - $138,337.50 for Michael D. Fishbein, Esq., and $269,800 for Levin, Sedran & Berman, LLP.  This court has previously awarded fees in Pretrial Order ("PTO") Nos. 2262, 2859, 7763A, 8516, 8646, 8869, 9102, 9294, 9465, 9460, 9502, and 9514.

I

On August 28, 2023, the court approved the Eleventh Amendment without objection.  See PTO No. 9558.  The parties devised this amendment to further streamline claims processing for the approximately 3,000 class members that remain eligible to make a Matrix claim if they develop a qualifying medical condition within the next four decades.

Pursuant to Section II.P. of the Eleventh Amendment, Wyeth agreed to pay class counsel's fees.  It retained its right to object to such proposed fees and stipulated that such fees shall not exceed the lodestar calculation.  Wyeth has not filed any objections.  A lodestar calculation is one way of calculating a reasonable rate for counsel and is determined by multiplying the number of hours counsel reasonably expended on the matter by counsel's reasonable hourly rate.  Class counsel now petitions the court for fees based on 498 hours they expended in drafting and negotiating the Eleventh Amendment as well as work communicating with pro se claimants in connection with this amendment.

The parties entered into the initial Class Action Settlement Agreement ("Agreement") on November 18, 1999. Due to difficulties experienced in reviewing, identifying, and timely paying claims to eligible claimants, the parties created and executed multiple amendments to streamline the review process of medical claims. Between 2006 and 2019, class counsel submitted annual petitions for reimbursement of fees and expenses, which were reviewed by the court. During that time, approximately forty-two thousand claims were processed pursuant to the Agreement.

As time passed, the number of claims has greatly decreased. From 2019 through 2022, the American Home Products Settlement Trust ("Trust"), which was responsible for paying claims, received sixteen Matrix claims and paid out $7,743,309 in Matrix benefits. In 2022, the Trust paid out $1,478,993 in claims, yet incurred $983,672 in expenses. In the first quarter of 2023, the Trust did not pay out any claims, but incurred $60,000 in trustee fees and $82,807 in expenses. The claims review system was also slow – taking around eleven months to pay a single claim.

As the pace of claims slows, the high administrative costs of the Trust and its claims processing system have become disproportionately large. Concerned that such a system could be a waste of settlement funds, the parties executed the Eleventh

Amendment in the interest of decreasing claims processing times as well as greatly decreasing the costs of administration.

II

The instant petition, as noted above, has received no objections from Wyeth. Nonetheless, the court must conduct a "thorough judicial review" of the requested fee award as required in all class action settlements. In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 819 (3d Cir. 1995). The court will analyze the reasonableness of the settlement in light of the factors outlined in Gunter v. Ridgewood Energy Corp., 223 F.3d 190 (3d Cir. 2000). It will then apply a lodestar cross-check. In determining the reasonableness of a proposed award for counsel in class action settlements such as this, our Court of Appeals requires a district court to consider the following ten factors:

> (1) the size of the fund created and the number of beneficiaries, (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of the litigation, (5) the risk of nonpayment, (6) the amount of time devoted to the case by plaintiffs' counsel, (7) the awards in similar cases, (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee

-4-

>     arrangement at the time counsel was
>     retained, and (10) any innovative terms of
>     settlement.

In re Diet Drugs Prods. Liab. Litig., MDL No. 1203, 2013 WL 3326480, at *3 (E.D. Pa. June 28, 2013) (citing Gunter, 223 F.3d at 195).[1]  These factors shall not be applied in a formulaic way, and a district court must recognize that one factor may outweigh others.  Id.  What is important is that the court "evaluate what class counsel actually did and how it benefitted the class."  In re AT&T Corp. Sec. Litig., 455 F.3d 160, 165-66 (3d Cir. 2006) (citing In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions, 148 F.3d 283, 342 (3d Cir. 1998)).

### A. Size of Fund

The size of the Settlement Fund totaled approximately $6.44 billion.  The Eleventh Amendment operates to benefit the 3,000 remaining class members that remain eligible for benefits under the Agreement.  It does so by speeding up claims processing timelines and preserving limited funds.  While this is only a fraction of those individuals originally eligible for a distribution, the work counsel has done has benefitted all

---

1. These factors were articulated in the context of class action settlements where the court considered the reasonableness of a percentage-of-recovery fee award.  Although the award proposed here is calculated based on the lodestar method of recovery, the court will still consider these factors in order to assure that the award is reasonable.  The choice of methodology "rest[s] within the district court's sound discretion."  In re Gen. Motors Corp, 55 F.3d at 821.

claimants remaining eligible for additional payments. Thus this factor weighs in favor of granting the proposed fee award.

### B. Presence or Absence of Substantial Objections

There have been no objections to the petition for counsel fees. Further, there have been no objections to counsel fee petitions since 2007. All prior objections were overruled, some rulings were appealed, and our Court of Appeals affirmed. See, e.g., In re Diet Drugs Prods. Liab. Litig., 385 F.3d 386 (3d Cir. 2004). This weighs in favor of granting the award.

### C. Skill & Efficiency of Attorneys Involved

This court has previously recognized class counsel for their skill and diligence. See, e.g., In re Diet Drugs Prods. Liab. Litig., MDL No. 1203, 2010 WL 3292787, at *10 (E.D. Pa. Aug. 19, 2010) (citing In re Diet Drugs Prods. Liab. Litig., 553 F. Supp. 2d 442, 474 (E.D. Pa. 2008)). Class counsel's current work in developing the Eleventh Amendment continues to prioritize the changing needs of the class. This factor weighs in favor of granting the award.

### D. Complexity & Duration of Litigation

This multidistrict litigation has spanned nearly three decades and could last at least in some form for four more decades.[2] The court has entered over 9,700 PTOs entered in this

---

2. The youngest claimant will turn eighty on September 30, 2063. After that date, she has four years during which she may apply for a benefit under the Agreement.

matter. However, the bulk of the settlement activity has already occurred. There are now only approximately 3,000 potential claimants remaining eligible for payment.

### E.   Risk of Non-Payment

Though typically non-payment is not a risk for cases in which there has already been a settlement, in this instance, class counsel undertook work on developing the Eleventh Amendment to the Agreement without knowing whether it would be approved by the court. Taking into account the history of the litigation, however, this risk of non-payment was slight.

### F.   Amount of Time Devoted to Case by Class Counsel

Class counsel worked a total of 498 hours on Eleventh Amendment-related matters. Wyeth did not object to this figure. This time excludes all Diet Drugs-related work prior to March 25, 2022, when the parties began to discuss the concept of the Eleventh Amendment. This figure, therefore, does not include counsel's traditional class counsel work. The time records, submitted contemporaneously with the petition, corroborate this. The 498 hours are reasonable.

### G.   Awards in Similar Cases

The instant petition, as noted above, seeks $408,137.50 in fees, which is 0.0063% of the total Settlement Fund, valued at roughly $6.437 billion. If this fee award is paid out, class counsel will have been awarded a total of 7.171%

of the Settlement Fund over the course of the litigation.  This fee is only 5.2% of the total of claims paid out over the past four years.  Courts typically find an award between 4.8 to 15% to be reasonable.  This figure is within well-established guideposts, both in the long- and short-term.  This factor weighs in favor of granting the petition.

**H.   Value of Benefits Attributable to Efforts of Class Counsel Relative to Other Groups**

Next, the court must consider the benefits created by other groups, such as government agencies, in determining a reasonable fee.  No government entities or agencies participated in the negotiation of this amendment, as is sometimes seen in antitrust or securities cases.  See In re Diet Drugs Prod. Liab. Litig., MDL No. 1203, 2019 WL 2319286, at *5 (E.D. Pa. May 29, 2019).  This factor weighs in favor of granting the fee petition.

**I.   Percentage Fee that Would Have Been Negotiated Had the Case Been Subject to a Private Contingent Fee Agreement at the Time Counsel Was Retained**

While the court has previously compared the fees requested by the Major Filers in this litigation, they did not participate in negotiating the Eleventh Amendment.  Therefore, this comparison is not apt.  Further, our Court of Appeals has "question[ed] the significance of this inquiry to class action lawsuits" where recovery may exceed one billion dollars.  See In

re Prudential Ins., 148 F.3d at 340.

### J. Innovative Terms of Settlement

The terms of this amendment are innovative. This amendment responds to the changing needs of the class members while still preserving their appeal and opt-out rights. Rather than relying on the parallel processing method which would likely have kept administrative costs relatively high, class counsel worked to decrease administrative costs more dramatically through the negotiation of more novel review and payment system. This factor weighs in favor of granting the fee petition.

### III

Finally, the court must perform a lodestar cross-check, which is performed by "multiplying the hours reasonably expended on the matter by the reasonable hourly billing rate which then provides the court with the 'lodestar calculation.'" Diet Drugs, 553 F. Supp. 2d at 485. The proposed fee award is then divided by the lodestar calculation. The resulting figure is the lodestar multiplier. We must then compare this number to the lodestar multiplier in similar cases. Id.

Here, the lodestar value is $408,137.50, and class counsel has requested that amount. This request is in line with our prior PTOs that have approved counsel fee payments. Class counsel argues that the requested fee is appropriate because the

parties have agreed to this payment, payment of the lodestar value is appropriate compensation for claims administration and other professional services, and such payment would be consistent with our prior decisions.

First, we determine whether the hourly rate is appropriate. In the last petition, the hourly rate of Laurence S. Berman, partner at Levin, Sedran and Berman LLP, was $750. With inflation, this figure would be $950 per hour today. As his hourly rate, which is currently $850, has not kept pace with inflation, this hourly fee is reasonable. Michael D. Fishbein's current hourly rate is also $850 and is likewise reasonable. The hourly rates of the support staff at Levin have also remained close to or below their prior rates when inflation is considered. Spending a total of 498 hours on the amendment is similarly reasonable and a review of class counsel's time entries submitted with their petition confirms as such.

For these reasons, the court will approve a payment of $408,137.50 to class counsel in connection with their work on the Eleventh Amendment.