```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                 :
(PHENTERMINE/FENFLURAMINE/        :    MDL NO. 1203
DEXFENFLURAMINE) PRODUCTS         :
LIABILITY LITIGATION              :
                                  :
THIS DOCUMENT RELATES TO:         :
                                  :
SHELIA BROWN, et al.              :    CIVIL ACTION
                                  :
        v.                        :
                                  :    NO. 99-20593
AMERICAN HOME PRODUCTS            :
CORPORATION                       :
```

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 9579

Bartle, J.                                        March 18, 2024

Before the court is the appeal of Deanne Foley from the denial of her application for Incremental Matrix Compensation Benefits (Doc. # 5426). Her echocardiogram, which was completed through the Screening Program administered by the American Home Products Settlement Trust ("Trust") on April 25, 2003, showed trivial mitral regurgitation. On December 11, 2018, Ms. Foley was diagnosed with aortic valve fibrosis consistent with degenerative valve disease. This diagnosis formed the basis of her Green Form through which she claimed Matrix Compensation Benefits.

To qualify for payment under the Nationwide Class Action Settlement Agreement ("Settlement Agreement"), a claimant needs to have completed the following requirements. First, such

claimant must have completed an echocardiogram by the end of the Screening Period, which for Screening Program echocardiograms provided by the Settlement Agreement was July 3, 2003. Settlement Agreement with Am. Home Prods. Corp. at IV.B.1, In re Diet Drugs, MDL No. 1203 (E.D. Pa. Nov. 19, 1999) (Doc. # 201256). The claimant also needs to have been diagnosed in a timely manner with "FDA Positive" or mild mitral regurgitation to qualify for benefits. See id.; see also id. at I.22.

Ms. Foley timely completed her echocardiogram through the Screening Program. However, she was not diagnosed with either FDA Positive or mild mitral regurgitation. Her physician's report states that trivial mitral regurgitation was present. This is insufficient to qualify her as a class member under the Settlement Agreement. Therefore, Ms. Foley cannot seek benefits under the Settlement Agreement as she is not a qualifying class member.

Even if she were a qualifying class member, she was required to be diagnosed with a qualifying illness or injury by the cut-off date set forth in the Settlement Agreement in order to receive a Matrix Compensation Benefit. Id. at IV.C.2. Failure to do so would result in the loss of his or her right to claim benefits. For a claimant like Ms. Foley who is not covered by the Seventh Amendment, that cut-off date was December

31, 2015.[1]  Id.  Pursuant to Pretrial Order ("PTO") No. 8559, dated November 5, 2010, class members were required to file their claims within four years of the diagnosis date. PTO No. 8559 at 3, Brown v. Am. Home Prods. Corp., Civ. A. No. 99-20593 (E.D. Pa. Nov. 5, 2010) (Doc. # 4144).

Ms. Foley was diagnosed on December 11, 2018.  This is too late to qualify for payment under the terms of the Settlement Agreement, regardless of which Matrix payment cut-off date is applied.  Further, Ms. Foley avers that she initially submitted her Green Form on October 3, 2023.  Setting aside the difficulties she had in submitting her claim to the correct administrator, such filing is over four years after her diagnosis.  Therefore, even if she had been diagnosed with sufficient mitral regurgitation, both her diagnosis and subsequent claim for Matrix Benefits were untimely.

II

In Ms. Foley's statement of issues, she states that her lawyer was ineffective at the time of her echocardiogram and that at the time of her diagnosis, she received ineffective assistance because she could not find counsel willing to represent her.  She states that she sought representation since

---

1.   If a claimant is covered by the Seventh Amendment, that cut-off date was December 31, 2011.  Revised Seventh Amendment to the Settlement Agreement at IX.A.1.a, Brown, Civ. A. No. 99-20593 (E.D. Pa. Aug. 25, 2004) (Doc. # 1282-1).

-4-

2019 but that lawyers chose not to represent her because she had not previously collected Matrix Compensation Benefits.  She maintains that had she been adequately represented, "the outcome would have been different" and she would have been found to be eligible.  Most importantly, she avers she would have timely filed her claim after she received her diagnosis in 2018.

      Even if Ms. Foley had filed for Matrix Compensation Benefits within the statute of limitations, she was still not a qualifying class member, and even if she were, her diagnosis was past the cut-off date for Matrix Compensation Benefits.  Whatever other remedies she may have against her counsel, payment of Matrix Compensation Benefits pursuant to the Settlement Agreement is not one.

### III

      For the above reasons, court will affirm the decision of the Claims Administrator to deny Matrix Compensation Benefits to Deanne Foley.