```
            THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| IN RE DIET DRUGS                              : | MDL NO. 1203 |
| (Phentermine/Fenfluramine/                    : | |
| Dexfenfluramine) PRODUCTS                     : | |
| LIABILITY LITIGATION                          : | |

| | |
|---|---|
| SHEILA BROWN, et al.,                         : | CIVIL ACTION NO. |
|                                               : | |
|             v.                                : | |
|                                               : | 99-20593 |
| AMERICAN HOME PRODUCTS                        : | |
| CORPORATION                                   : | |

| | |
|---|---|
| THIS DOCUMENT RELATES TO:                     : | C.D. Cal. |
|                                               : | |
| ALAN FRIEDMAN,                                : | CIVIL ACTION NO. |
|                                               : | |
|             v.                                : | |
|                                               : | 2:25-cv-03093-FMO-ADS |
| WYETH, et al.                                 : | |

MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 9596

Bartle, J.                                                     May 15, 2025

Before the court is the Joint Motion of Wyeth and Class Counsel to enforce the Settlement Agreement and Pretrial Order No. 1415 against Class Member Alan Friedman (Doc. # 5445).[1]

On March 10, 2025, Alan Friedman, through his counsel, filed a lawsuit in the Superior Court of Los Angeles County, California against defendants Wyeth and a number of related entities.[2] On April 9, 2025, the action was removed to the

---

1.  Alan Friedman has not filed any opposition to the motion.

2.  As defendants correctly state, "[d]efendants Wyeth, Wyeth Company, and American Home Products Corporation are incorrectly

United States District Court for the Central District of California based on diversity of citizenship under 28 U.S.C. § 1332(a).  Notice of Removal, Friedman v. Wyeth, Civil Action 25-3093 (C.D. Cal. Apr. 9, 2025) (Doc. # 1).

The complaint alleges that as "a direct result of consuming Defendants' Fen-Phen drugs, Plaintiff [Alan Friedman] developed serious and life-threatening cardiovascular issues that ultimately required extensive medical intervention."  He claims that he was prescribed and began taking Fen-Phen in the mid-1990's.  For approximately 25 years he experienced various symptoms and had open-heart surgery in January 2025 as a result of cardiovascular damage he sustained from use of Fen-Phen.  In paragraph 52, he specifically references the case of Brown v. American Home Products Corporation, Civ. A. No. 99-20593 (E.D. Pa.), its findings concerning the lethal nature of the drugs, the defendants' knowledge of their effects, and defendants' suppression of that information from consumers and the public.

On August 28, 2000, my late colleague Judge Louis C. Bechtle, after a fairness hearing, entered Pretrial Order No. 1415 certifying a class and approving the settlement in Brown v. American Home Products Corporation, Civ. A. No. 99-20593, which

---

designated.  On March 11, 2022, Wyeth Company merged with American Home Products Corporation ("AHP"), which simultaneously changed its name to Wyeth.  In October 2009, Pfizer Inc. acquired Wyeth which is now known as Wyeth LLC."

was part of the massive Multi-District Litigation No. 1203, <u>In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation</u>.  <u>See</u> 2000 WL 1222042 (E.D. Pa. Aug. 28, 2000).  This is the case which Friedman references in his complaint.

The court certified a Class for settlement purposes only that included "All persons in the United States, its possessions and territories who ingested Pondimin® and/or Redux™ ("Diet Drug Recipients") . . ."  PTO 1415, at *71 ¶ 3.  The court had previously ordered written notice to those in the Class whose names and addresses were known or presently knowable to the parties as well as publication notice to the Class.  In its Memorandum in support of PTO 1415, the court outlined the success and effectiveness of the comprehensive notice program.  The court concluded that the requirements of personal jurisdiction, due process and Rule 23 had been satisfied.  <u>Id.</u> at *34-39; <u>see also</u> PTO No. 997.

The settlement approved in PTO 1415 provided class members various periods to opt out of the settlement.  Those who did not were bound by PTO 1415 and the settlement agreement which the court approved.  Paragraphs 7, 10, and 11 of PTO 1415 stated:

> 7. The court hereby bars and enjoins all
> class members who have not, or do not,
> timely and properly exercise an Initial,

>Intermediate, Back-End or Financial Insecurity Opt Out right from asserting, and/or continuing to prosecute against AHP or any other Released Party any and all Settled Claims which the class member had, has or may have in the future in any federal, state or territorial court.
>
>. . .
>
>10. This Order and Judgment is binding upon AHP and upon all members of the Settlement Class and Subclasses, as defined herein above, who have not timely effected exclusion from the class under the procedures set forth in the Class Notice . . . .
>
>11. Without affecting the finality of this Final Order and Judgment in any way, the court hereby retains continuing and exclusive jurisdiction over this action and each of the Parties, including AHP and the class members, to administer, supervise, interpret and enforce the Settlement in accordance with its terms; to supervise the operation of the Settlement Trust; to determine applications for and make reasonable awards of attorneys' fees and reimbursement of costs to Class and Subclass Counsel, the Plaintiffs' Management Committee, and others for work contributing to the common benefit of the class; and to enter such other further orders as are needed to effectuate the terms of the Settlement.

Friedman in his complaint states he ingested Diet Drugs in the 1990's and thus is a member of the Class.  There is no evidence that he took steps to opt-out as an Initial Opt Out,

an Intermediate Opt Out, or Back-End Opt Out.[3]  He is subject to the personal jurisdiction of this court and has received due process based on the notice requirements implemented by the parties and approved by the court.  PTO 1415, at *34-39.  Accordingly, he is bound by PTO 1415.  This court maintains exclusive jurisdiction over this action, the parties, and the class members to administer, supervise, interpret and enforce the settlement of this action.  PTO 1415, at *72 ¶ 11.  Pursuant to PTO 1415, Friedman is precluded from pursuing his lawsuit currently pending in the United States District Court for the Central District of California and will be barred and enjoined from doing so.

---

3.   The Settlement Agreement approved in Pretrial Order No. 1415 created the AHP Settlement Trust to administer claims under the Settlement Agreement.  On August 28, 2023, the court approved the Eleventh Amendment to the Settlement Agreement effective September 27, 2023.  Pretrial Order No. 9558, Brown, Civ. A. No. 99-202593 (E.D. Pa. Aug 28, 2023) (Doc. # 5413).  As a result, the Trust was terminated, and the court appointed Brown Greer as the neutral administrator to implement the Settlement Agreement.  There is no record in the Master Database for Diet Drugs kept by Brown Greer or the records of the Trust that Class Member Alan Friedman (or any various spellings of that name) ever took any steps to opt out of the Settlement as an Initial Opt Out, an Intermediate Opt Out, or a Back-End Opt Out.  Alan Friedman never attempted to present any claims in the Settlement Program prior to filing his pending lawsuit.  See Decl. of Orran L. Brown, Sr., Brown, Civ. A. No. 99-20593 (E.D. Pa. Apr. 25, 2025) (Doc. # 5445-4).